## GAY DORN

*v.*

## PHILIP GEUDER, EXR. *et al.*

*Opinion filed February 14, 1898.*

1. PLEADING—*equity—allegations, proof and decree must correspond.* The averments of a bill, the proof and the decree must correspond, and a decree cannot grant relief which would be warranted by the evidence where there are no averments in the bill to which the evidence can be applied.

2. SAME—*where evidence disproves bill, complainant cannot have relief on other grounds.* Where the evidence disproves the case made by the bill the complainant cannot be given a decree upon other grounds disclosed by the proofs, unless he is permitted to amend his bill to conform to the case disclosed by the evidence.

3. FORECLOSURE—*when complainant is not entitled to a foreclosure.* In the absence of amendment, a complainant is not entitled to a foreclosure decree on a bill alleging default in payment of prin-

cipal and all interest, where the proof shows that all interest was paid until the principal became due, that two extensions of time were granted thereon on sufficient consideration, the last of which had not expired at the filing of the bill, and that only one installment of interest was then due.

*Dorn* v. *Geuder*, 70 Ill. App. 411, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This was a bill in chancery filed on the 20th day of April, 1895, by the appellee Philip Geuder, as executor of the last will and testament of Johann Geuder, deceased, and Edward S. Dreyer, trustee, against Gay Dorn, the appellant, and his wife and others, for the foreclosure of a certain trust deed. The bill alleged "that on March 3, 1890, Gay Dorn, for value received, made his one principal promissory note of that date, and thereby promised to pay to the order of Emil Dickmann the sum of six thousand dollars ($6000) in three years after said date, with interest at the rate of six per cent per annum, payable semi-annually, said several installments of interest being evidenced and secured by six interest notes or coupons executed by said Gay Dorn to the order of said Emil Dickmann, each for the sum of one hundred and eighty dollars ($180), which were due, respectively, in six, twelve, eighteen, twenty-four, thirty and thirty-six months after the date thereof, both principal and interest to bear interest at the rate of eight per cent per annum after maturity, and payable at the banking office of E. S. Dreyer & Co., Chicago, Illinois; that said notes were afterwards endorsed by said payee, Emil Dickmann, and delivered to Johann Geuder, who became the legal holder and owner thereof, and so remained up to the day of his death, to-wit, August 11, 1894; that to secure the payment of the said notes the said Gay Dorn executed and delivered to

complainant Edward S. Dreyer, trustee, a deed of trust of even date with said notes, thereby conveying to said trustee, in fee simple, the following described real estate, with all the buildings and improvements thereon, to-wit: (Here follows description of mortgaged premises;) that said principal note was given to evidence, and said trust deed to secure, the balance of the purchase money for the property above described, together with interest thereon for said period of three years; that it is provided in said trust deed that if default be made in the payment of the said notes or the interest thereon, or any part thereof, or in case of waste or non-payment of taxes or assessments, or neglect to procure or renew insurance, or in case of the breach of any of the covenants therein contained, then the whole of the principal of said notes shall thereupon, at the option of the legal holder thereof, become immediately due; that default has been made in the payment of the principal sum of said note, together with a large amount of interest thereon; that there is now due the whole of the principal of said notes, being the sum of six thousand dollars ($6000), with interest thereon from March 3, 1890." The bill also alleged the trust deed contained an agreement to pay solicitor's fees of the complainants' solicitor in case of a foreclosure, and that the other parties defendant claim some interest in the mortgaged premises, and concluded with a prayer that a decree be entered foreclosing the trust deed and for sale of the property, and for a decree *in personam* for any deficiency, and for such other and further relief as the nature of the case might require.

The appellant filed an answer to the bill, alleging payment of each of the said six interest notes or coupons mentioned in the bill, and that by agreement between the parties the time of the payment of the principal indebtedness was extended for the term of one year, to-wit, to the 3d day of March, 1894, in consideration of the payment by appellant of the sum of $60 as a bonus

for said extension, and the execution by the appellant of
two interest notes for the payment of the interest semi-
annually upon the said principal sum for the period of
time to which payment of the said principal note was
so extended; that appellant paid both of said last men-
tioned two interest notes or coupons, and that on or
about the said 3d day of March, 1894,—the date to which
the said principal note was extended by the said agree-
ment,—the parties again agreed that, in consideration
of the sum of $120 paid by the said appellant, the time
of the maturity of the said principal debt should be and
was extended for the further term of three years, until,
to-wit, March 3, 1897; that the appellant executed and
delivered to the complainants his certain six notes or
interest coupons for the semi-annual interest to accrue
upon the said principal sum for and during the time to
which, by the said agreement, the maturity of the prin-
cipal sum was extended; that said appellant paid the
interest for the said period of six months evidenced by
the first of said interest or coupon notes, and said first
note was delivered to him; that the second of said last
mentioned interest notes fell due under said agreement
on the said 3d day of March, 1895, and that by a further
agreement between the parties, based upon a sufficient
consideration, it was agreed that for the convenience and
accommodation of the complainants the appellant would
endeavor to negotiate a loan from other parties of a suf-
ficient amount to discharge the principal sum (which,
aside from the said last mentioned agreement, would not
mature until March 3, 1897,) and the interest coupon
which fell due March 3, 1895, and that while he was in
good faith endeavoring to negotiate said loan, complain-
ants, in violation of the agreement, filed the bill for fore-
closure. The answer contained other averments, which,
in the view we take of the case, need not be adverted to.

To this answer the complainants filed a general repli-
cation, averring that the allegations of their bill of com-

plaint were true, and that they would aver, maintain and prove the same to be true, and that the answer of the appellant was uncertain, untrue and insufficient.

The issue thus raised by the bill, answer and replication was referred to the master to take proof, and report his conclusions of both law and fact. The proofs were taken and the report of the master filed. The substance of the report of the master was, that the allegations of the appellant that the time of the maturity of the principal note had been extended to March 3, 1897, were sustained by the proofs, and that the appellant had paid the interest coupons mentioned in the bill, and also each of the interest notes or coupons afterwards executed by and in pursuance of the agreements extending the time of the payments of the principal sum, except the interest note or coupon due on the 3d day of March, 1895. As to the allegations of the answer as to an extension of the time of the payment of the interest note which fell due March 3, 1895, the report of the master is as follows: "I find from this evidence that no agreement for an extension on the said March 3, 1895, coupon was made; that the language testified to by Dorn is too indefinite to constitute an agreement for an extension; that Dorn fails to show that at any time he had any substantial negotiations pending for the procurement of the principal, and as no definite time is stated by Dorn to which said note was extended, it was an assumption on his part, which was not justified by the language, that the time of payment of the interest was extended. I therefore conclude that complainants had a right to declare the principal due for non-payment of the interest due March 3, 1895." The master found and reported that said interest coupon falling due March 3, 1895, was paid by the appellant to the appellee executor on the 25th day of May, 1895, which was a little over a month after the filing of the bill herein.

Appellant filed exceptions to the findings of the master as to the facts relative to the alleged agreement

for the extension of the payment of the interest coupon which fell due March 3, 1895, and to the legal conclusions of the master as to the right of the appellees, under the allegations of the bill, to foreclose the trust deed. The exceptions were overruled and a decree of foreclosure and sale entered, and the decree was affirmed by the Appellate Court on appeal. This is a further appeal of the said mortgagor, Dorn, to reverse the judgment of the Appellate Court.

CHARLES PICKLER, for appellant.

LACKNER & BUTZ, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The case made by the allegations of the bill is, that the appellant had made default in the payment of the principal note according to its tenor and effect, and also in the payment of the six coupon notes given at the time the principal note was executed to evidence the liability of the appellant to pay interest semi-annually on the principal note from the date thereof to the 3d day of March, 1893, the date of its maturity.

It appeared from the report of the master, which, in this respect, it is conceded is fully supported by uncontroverted testimony, that appellant had paid each of said interest notes mentioned in the bill, and was not, in respect of any of them, in default. It also appeared from the master's report and from like uncontroverted testimony, that the payment of the principal note had been extended, by an agreement based upon a good and sufficient consideration, for the term of one year, to-wit, to the 3d day of March, 1894, and again extended by a like binding agreement for the further period of three years, to-wit, to the 3d day of March, 1897, and was not due when the bill was filed, to-wit, on the 20th day of April, 1895. The case made by the bill was fully met and overcome

by the proofs. The master found that the maturity of the mortgage debt had been extended to March 3, 1897, but that it was proven appellant had not paid the interest coupon which, under the terms of the contract of extension, fell due on the 3d day of March, 1895, promptly at maturity, and that the appellees had the right to declare the mortgage debt due and payable because of such default, and on this finding decree was entered against the appellant. The case, then, upon which the appellees succeeded, was, that the principal of the indebtedness to them did not fall due until March 3, 1897, but that by reason of the failure of appellant to pay the semi-annual installment of interest promptly on the 3d day of March, 1895, the right accrued to them, under the terms of the agreement extending the maturity of the note to March 3, 1897, to declare the principal sum due and payable, and to proceed at once to foreclose the mortgage. But the appellees made no such case by the pleading. They were not entitled to a decree of foreclosure upon the case alleged in their bill, for it was disproved. It is not sufficient, if true, that the evidence disclosed a state of case upon which a bill could have been framed which would have entitled them to a decree, for the reason such evidence is not applicable to the allegations of the bill. If the allegations of a bill are overcome by the proof, the complainant cannot have a decree because it may appear that issues might have been made by other pleading upon which he would have been entitled to relief. Appellees might, upon the coming in of the master's report, or at any time before the rendition of the decree, have applied for and obtained leave, upon such terms as the court should deem just, to make such amendments to their bill as might be found necessary to state a case entitling them to a decree under the evidence produced upon the hearing. But no such course was taken, and the question presented by the record is, whether the appellees were entitled to a decree under the allegations of their bill.

It is a fundamental rule of equity pleading, that the allegations of a bill, the proof and the decree must correspond, and that the decree cannot give relief that facts disclosed by the evidence would warrant where there are no averments in the bill to which the evidence can apply, and that if the evidence disproves the case made by the bill the complainant cannot be given a decree upon other grounds disclosed by the proofs, unless the court permits the complainant to amend his bill so as to present the case disclosed by the evidence. *McKay* v. *Bissett*, 5 Gilm. 499; *Morgan* v. *Smith*, 11 Ill. 194; *White* v. *Morrison*, id. 361; *Rowan* v. *Bowles*, 21 id. 17; *Chaffin* v. *Heirs of Kimball*, 23 id. 36; *Bremer* v. *Canal Co.* 123 id. 104; *Russell* v. *Conners*, 140 id. 660; *Ohling* v. *Luitjens*, 32 id. 23; *Burger* v. *Potter*, id. 66.

We make no ruling on the contention of appellant that under the agreement between the parties with reference to the interest note which fell due March 3, 1895, it was necessary to the right of appellees to institute the suit, they should have first given appellant notice and an opportunity to pay the coupon. If the bill is amended, and the right to declare the mortgage debt due because of the alleged default in the payment of that interest coupon be made the basis of the right to institute the suit to foreclose the mortgage, the appellant may answer the amended bill and raise an issue on the point upon which both parties can be fully heard and the right of the matter properly determined.

The decree of the circuit court and the judgment of the Appellate Court are reversed and the cause will be remanded to the circuit court, where appellees may proceed further, as they may be advised.

*Reversed and remanded.*