## Mark P. Madden, et al., v. Dorothea Lubke.
### Gen. No. 11,282.

1. DECREE OF FORECLOSURE—*when bill will not sustain.* A decree of foreclosure which awards a deficiency decree against one of the defendants is not supported by the bill which does not set up facts which show his personal liability upon the debt secured by the trust deed sought to be foreclosed, nor is such a decree supported where the bill does not show that the complainant was the legal holder of such debt.

Foreclosure proceeding. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded with directions. Opinion filed March 21, 1905.

P. McHUGH, for plaintiffs in error.

LESLIE H. WHIPP, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a foreclosure proceeding in which a decree was entered in favor of the complainant. The bill was taken *pro confesso* but it is insisted on behalf of plaintiffs in error

that the bill does not state facts sufficient to sustain the decree. In this contention we are compelled to concur. The complainant sold the premises to plaintiff in error Mark F. Madden, but the deed was executed to Mortimer A. Prindiville, one of the defendants, and the note and trust deed which it is sought to foreclose were given on the same day by Prindiville to secure payment of part of the purchase money. The same day the premises were conveyed by Prindiville to Madden, subject to the trust deed. The facts in evidence may justify a conclusion that Prindiville was a mere agent of Madden in the transaction and that equitably Madden may be held liable as the actual debtor. There is, however, no such averment in the bill. It is clearly insufficient to justify a deficiency decree against Madden that he took the premises from Prindiville "subject to the trust deed." There is no charge against Madden of personal liability. The prayer is that "oratrix may have execution" against Prindiville and Madden "for any balance that may remain due if the sale of said premises fails to produce sufficient to pay the whole of said indebtedness." Neither does it appear from any averment in the bill, unless by inference, that defendant in error is the owner or legal holder of the note secured by the trust deed or that any of the parties defendant are indebted to her. It does appear that she sold and conveyed the premises to Prindiville and that the note payable to his own order and by him endorsed was given to secure part of the purchase money, but that is all. It is doubtless true, as said by counsel for complainant, that a verbal promise to pay an existing mortgage debt as part of the purchase money of mortgaged premises is an assumption of the mortgage debt which may be enforced. Lang v. Dietz, 191 Ill. 161-166. But it is a fundamental rule of equity pleading that the allegations of a bill, the proof and decree must correspond. Dorn v. Geuder, 171 Ill. 362-369; Smith v. Brittenham, 98 Ill. 188-200.

The decree must be reversed and the cause remanded with directions to allow defendant in error to amend her bill.

*Reversed and remanded with directions.*