**Katerina Kristan, Appellant, v. Joseph Nepil et al., Appellees.**

**Gen. No. 14,582.**

PLEADING—*allegations and proof must correspond.* Although a good case may appear in the evidence, yet if it be variant from the one stated in the bill, the bill will be dismissed.

Bill in equity. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed October 7, 1909.

CHARLES A. FANNING and E. J. HERDLICKA, for appellant.

H. M. PIERCE, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the complainant from a decree dismissing her bill of complaint for want of equity.

Complainant is the owner of a lot and building thereon known as No. 1055 West Nineteenth street, in the city of Chicago. Defendants were engaged in constructing a building on the lot known as No. 1053 West Nineteenth street, which adjoins complainant's lot on the east. The east wall of complainant's building is about three feet west of the east line of her lot. The west wall of the building defendants were constructing is about six inches east of the west line of the lot. The bill was filed to enjoin the defendants from continuing the construction of the building they were constructing.

After answer and replication the cause was referred to a master, "to take proofs and report his conclusions." The master, in his report, recommended that the bill be dismissed, and the court overruled the exceptions of complainant to the report, dismissed the bill for want of equity and complainant appealed.

The contention of appellant, as stated in her brief, is, "that a certain 'court' termed in the ordinances of the city of Chicago, as a 'lot line court,' the area and dimensions of which are prescribed by said ordinance, was being constructed in violation of said ordinances, thereby depriving complainant of the unimpaired light and air to which she had been accustomed for four years prior thereto. That the failure of defendants to observe said ordinance constituted a nuisance, and that the defendants, although often requested to abate the nuisance and to discontinue the violation of the ordinances, persisted in such violation to the irreparable loss and damage of complainant."

The averments of the bill in reference to the ordinances of the city of Chicago and the violation thereof by the defendants are, that defendants are constructing said building, "in violation of certain ordinances of the city of Chicago, now in force and in force prior to and at the time of said construction, to-wit: an ordinance known as Chap. XV of Revised Municipal Code, governing the erection of buildings, Article IX, Paragraphs 637-414 and 638-415 and 639-416, as follows:

"Windows in lot line walls, windows in addition to those provided for in section 413 of this chapter, if placed in any lot line wall, or in any wall nearer to the lot line than is specified in section 416 of this chapter, from such lot line, then the sash in such windows should be stationary and glazed with fire-resisting glass.

'638-415. Courts, inner. Sizes of lot line courts. The 'inner courts' of all new tenement houses, as defined in section 389 of this chapter, shall have areas and minimum widths in all parts not less than the width and area as follows:

| Building | Square Feet | Least Width |
|---|---|---|
| 2 stories | 100 | 6 feet |
| 3 stories | 120 | 7 feet |
| 4 stories | 160 | 8 feet |

'639-416. Courts, outer. Sizes of width increased. The outer courts of all tenement houses defined in section 389 of this chapter shall have not less than the following widths for their minimum in all parts:

| Buildings | Least Width |
|---|---|
| 2 stories | 3 feet |
| 3 stories | 3 feet, 6 inches |
| 4 stories | 4 feet'." |

The answer avers that the ordinance set out in the bill in reference to windows in "lot line walls" had been repealed. No evidence tending to prove a violation of that ordinance was reported by the master.

The brief of appellant contains no reference to said ordinance, and so much of the bill as relates to said or-

dinance or bases any claim to relief on an alleged violation thereof must be regarded as abandoned.

The defendants were engaged in constructing a three story and attic building extending back from the street seventy-four feet. On the west side of this building is a court or recess in the west wall, beginning at the second story, seven feet six inches long from north to south and four feet six inches wide from east to west.

· The Municipal Code of Chicago defines "courts" as follows:

"605. 'Court' is an open, unoccupied space, other than a yard, on the same lot, with a tenement house. A court entirely surrounded by a tenement house is an 'inner court.' A court, bounded on one side and both ends by a tenement house, and on the remaining side by a lot line, is a 'lot-line court.' A court extending to a street, alley or yard is an 'outer court'."

It is clear that the recess or "court" in the west wall of the building defendants were constructing is neither an "inner" nor an "outer" court, within the definition of such "courts" in the ordinance, and the conclusion of the master, stated in his report, that it is neither, is not challenged in the brief of appellant. The contention of appellant is, that the master erred in his conclusion that such "court" or recess was not a "lot line court" within the definition of a "lot line court" in the ordinance. It is a sufficient answer to this contention that the bill makes no reference to any ordinance prescribing the dimensions or area of "lot line courts," and of course alleges no violation of any ordinance as to such "courts."

"Although a good case may appear in the evidence, yet if it be variant from the one stated in the bill, the bill will be dismissed." McKay v. Bissett, 5 Gil. 499-505; Dorn v. Geuder, 171 Ill. 362; Higgins v. Higgins, 219 id. 146.

The evidence reported by the master fails to support the allegations of the bill, and the bill was therefore properly dismissed.

Appellant complains of the finding contained in the decree dismissing the bill, that the building in question "was not and is not constructed in violation of the building ordinances of the city of Chicago." A finding of fact has no proper place in a decree dismissing a bill for want of equity. Such finding is only proper when the decree grants relief. But we are unable to perceive how appellant can possibly be prejudiced by such finding in the decree in this case.

The decree of the Circuit Court will be affirmed.

*Affirmed.*