Joseph Eiger et al., Appellants, v. Jarvis Hunt, Appellee.

Gen. No. 37,854.

Opinion filed November 20, 1935.

Lederer, Livingston, Kahn & Adler, of Chicago, for appellants; Irving S. Adler, of counsel.

Allen G. Mills, of Chicago, for appellee; Richard Sherman Bennett, of Chicago, of counsel.

Mr. Presiding Justice Hall delivered the opinion of the court.

This is an appeal from a decree entered in a foreclosure proceeding, by which complainants are denied a decree for a deficiency, found by a master in chancery to be due, after a sale made by the master of the mortgaged property, under a decree ordering the sale of the property.

The bill of complaint in the cause recites that on February 4, 1928, the defendant, Jarvis Hunt, being justly indebted to complainants in the sum of $543,000, made, executed and delivered a series of promissory notes for said sum, all bearing date of February 4, 1928, with interest at the rate of $6\frac{1}{4}$ per cent per annum before maturity, and seven per cent after maturity, all payable at the office of Eiger Brothers, or at such place as the holders of the notes might designate, and that the notes and trust deed given to secure the payment of the same provided that in case of default for three days, at the election of the legal holders of the principal notes, the sum secured thereby, together with accrued interest, should become at once due and payable. It is alleged that at the time of the making of the notes, a trust deed to the Chicago Title & Trust Company on certain real estate in the City of Chicago, county of Cook, was given to secure their payment. The defendant, Hunt, was personally served with summons in the cause. After a reference to a master and upon his report, the usual decree was entered, ordering the sale of the property, and that in the event a deficiency should remain after such sale, then the com-

plainants should have a decree for the amount remaining due them. By this decree, it was found that the sum due and unpaid was $595,266.63. At a sale subsequently made and reported by the master, in pursuance of such decree, the property was bid in for the sum of $500,000, leaving a deficiency in the amount of $98,112.43, which included the costs of the proceeding, as found by the master. There is no question raised here but that the sale was made in strict conformity with the law, except as hereinafter stated. When the master's report of sale was brought before the court for confirmation, the defendant obtained leave to file objections, which were, in substance, that the complainants in their bill failed to charge that the defendant was personally liable; that the complainants in such bill, and in the prayer for relief, failed to ask for a deficiency decree against the defendant, and that the complainants, or some of them, held the premises in foreclosure for a considerable period of time; that when the owners of the notes, the complainants in the bill of complaint, undertook to bid in, and did bid in, the property at the foreclosure sale, it became, and was, their duty to have bid a reasonable amount for such property, which was an amount at least equal to the amount found to be due by the decree of sale entered in the case, and that complainants had no right in a proceeding in equity to foreclose a mortgage to bid less than the reasonable value of the premises involved, and thereafter obtain a deficiency decree, or judgment, for the difference between the amount voluntarily bid and the actual value of the property.

Upon a hearing on the objections, the court entered a decree approving the master's report of sale, except as to the claimed deficiency. There is no question raised as to the amount of the deficiency, as found by the master. In its decree, after approving the master's report of sale, the court found, in terms, "that

the equities of the case are with the defendant, Jarvis Hunt, in so far as the entry of a deficiency decree is concerned, and the objections to the conclusions of the Master in Chancery that a deficiency decree be entered, . . . are hereby sustained and the application of the complainants for a deficiency decree against the defendant, Jarvis Hunt, . . . is hereby denied.'' It is from this latter portion of this decree that the appeal herein is being prosecuted.

As stated, defendant insists that a ''deficiency decree is not permissible when the bill does not allege personal liability and does not contain a prayer for a deficiency.'' By section 16 (¶ 17) of chapter 95, Ill. State Bar Stats. 1935, it is provided that ''in all decrees hereafter to be made in suits in equity directing foreclosure of mortgages, a decree may be rendered for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales.''

''Decree'' is defined in Black's Law Dictionary, page 341, as follows: ''Decree. In practice. The judgment of a court of equity . . . answering to the judgment of a court of common law. A decree in equity is a sentence or order of the court, pronounced on hearing and understanding all the points in issue, and determining the rights of all the parties to the suit, according to equity and good conscience. 2 Daniell, Ch. Pr. 986. Decree is the judgment of a court of equity, and is, to most intents and purposes, the same as a judgment of a court of common law.'' Standard Dictionary defines ''decree'' as follows: ''Eng. & U. S. Law. A judicial decision made of record in the cause; as, a decree in chancery; commonly made interchangeable with judgment. A sentence of a civil court; final judgment.''

In *Metz v. Dionne,* 250 Ill. App. 369, page 373, it is held that ''the right to a personal judgment in fore-

closure proceedings does not rest on general equity principles, but upon the legal obligation of the maker of the note.''

Whatever the courts of other jurisdictions may have held with reference to the contentions of defendant, that complainant is not entitled to a decree for a deficiency found to exist after the *bona fide* sale of the mortgaged property made under this decree of sale, such holdings have no relevancy here. We are of the opinion that it is the law of this State that, under the showing made here, the complainants were entitled to a decree for the amount of the deficiency found to be due after sale of the mortgaged premises, and that the chancellor was in error in refusing to enter such a decree. The cause is, therefore, reversed and remanded with the direction that the objections to the master's report of sale be overruled, and that a decree be entered in conformity with that report.

*Reversed and remanded with directions.*

Hebel, J., and Denis E. Sullivan, J., concur.