(No. 23273.—

BERNARD J. TOWNSEND *et al.* Appellants, *vs.* MYRTLE TOWNSEND *et al.* Appellees.

*Opinion filed December 19, 1935—Rehearing denied Feb. 6, 1936.*

GEORGE W. HUNT, for appellants.

CAIRO A. TRIMBLE, and PERRY D. TRIMBLE, for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

A bill in equity was filed against Fred G. Townsend in the circuit court of Bureau county to remove a deed as a cloud upon the title to certain land in that county. Fred G. Townsend died after answering the bill and appellees were made defendants. After a hearing before the master and a consideration of his report by the chancellor the bill was dismissed for want of equity. Appellants, who were complainants below, are here seeking a reversal.

The land involved was owned by James S. Townsend, who died in February, 1917. In November, 1914, he executed a will, which was probated and admitted to record in Marshall county. By item 3 of the will the land was devised to a son, Fred G. Townsend, then of Emporia, Kansas, for life, and upon his death to be divided into equal shares in fee simple between appellants, Bernard J. Townsend, Sewall E. Townsend, Edna Townsend Norton and Verla Townsend Mayberry, who were the children of J. W. Townsend, a second son of the testator. The will named the two sons as executors, but they could not qualify because of non-residence. In their petitions for probate they nominated another to be administrator with the will annexed, and this person was appointed by the court. Subsequent to the making of the will the testator and his wife executed a warranty deed dated June 19, 1915, by which they conveyed the land in fee simple to Fred G. Townsend. This deed was not recorded until in January, 1923. The administrator proceeded to administer upon the estate and

paid an inheritance tax upon the purported life estate devised to Fred G. Townsend in the land. It is the theory of appellants that as between the life estate devised by the will and the fee simple estate granted by the deed, Fred G. Townsend by his expression and acts elected to take the estate under the will and abandoned the estate under the deed. They state that he is now estopped from asserting any claim other than the life estate devised to him in the will, and that the deed is a cloud upon their title and should be set aside and canceled.

Fred G. Townsend in his answer averred that item 3 of the will, devising the life estate to him, became inoperative by reason of the subsequent execution and delivery of the deed conveying the land to him in fee simple. He averred that at the time of the administration of the estate he did not accept the terms of the will, but, on the contrary, advised appellants and their father that he had a warranty deed conveying the land to him in fee simple. He further averred that he was in possession of the land by virtue of the deed and not by the will, and denied that any cloud was created by the deed upon appellants' title, as the deed operated to deprive them of any title to the land in question.

The report of the master found that at the time the petition for probate was filed Fred G. Townsend held a deed in his hand and told his brother he had a deed to the land; that in August, 1916, Fred G. Townsend, accompanied by one of the appellants, went upon the land, and in her presence, and in the presence of a daughter of the tenant, informed the tenant that he had a deed to the farm and that it now belonged to him, and he discussed with the tenant the future occupancy of the farm. It was further found from the evidence that after the death of his father in 1917 Fred G. Townsend went into the actual possession of the land, resided thereon, improved and re-conditioned it and repaired the buildings thereon at a total cost of ap-

proximately $3000, and that all of the improvements were lasting in nature and made for the express purpose of increasing the permanent value of the property. The master found no evidence in the record to dispute the delivery of the deed creating the fee simple estate in Fred G. Townsend. He found that Fred G. Townsend owned the land in fee simple by reason of the execution and delivery of the deed and that it ought not be set aside, and that it operated to revoke the third item of the will by a legal conveyance of the land prior to the testator's death.

Appellants presented evidence before the master about an unrecorded deed pretended to be lost, not in evidence, dated March 10, 1913. This alleged deed purported to grant only a life estate in the land to Fred G. Townsend, with remainder in fee to appellants. All evidence with respect to such deed, its making and its loss, was clearly not admissible, for the bill did not contain an allegation setting up appellants' title by virtue of it. A decree based on such evidence, standing without the support of proper allegations in the bill of complaint, could not have been sustained. (*Plummer* v. *Worthington*, 321 Ill. 450.) The pleadings, the proof and the decree must correspond. (*Tribune Co.* v. *Thompson*, 342 Ill. 503.) Appellants in their bill did not attack the making, delivery or validity of the warranty deed from the testator and his wife to Fred G. Townsend. On the contrary, the whole and only theory of their bill admitted the validity of the deed and its delivery to the grantee. From the record it appears that the warranty deed to Fred G. Townsend was in the nature of a voluntary settlement, and as appellants introduced no evidence to show its non-delivery and abandoned their effort to show lack of mental capacity of the grantor, the deed must stand as a sufficient conveyance of fee simple title to the land in question.

There was no election by Fred G. Townsend to take under the will and not under the deed, and he was not

estopped to continue to claim title under his deed, which canceled item 3 of the testator's will. The alleged election can only be shown by unequivocal acts or declarations of the party which clearly evince his intention to make an election. The choice, when made, must be with a full knowledge of the elector's rights and the necessity of election. (*Canavan* v. *McNulty,* 328 Ill. 388.) Fred G. Townsend's occupancy of the land did not necessarily arise out of the will but could equally as well have resulted from the deed. Under these circumstances his occupancy in itself did not constitute an election. There was no plurality of gifts here, such as might have enabled the devisee to take something under the will to which he would not otherwise be entitled and at the same time seek to hold the property disposed of by the will to others. Where no plurality of gifts is involved, so that the choice of one gift may be construed as an exclusion of the other, the chancellor cannot make compensation to the disappointed devisees. (*Schuknecht* v. *Schultz,* 212 Ill. 43; *Elmore* v. *Carter,* 289 id. 560; *Carper* v. *Crowl,* 149 id. 465; *Bell* v. *Nye,* 255 id. 283.) The deed to Fred G. Townsend operated to convey the fee to him before his father died. The subject matter of the devise was thereby removed from the will by operation of law and a subsequent election was rendered impossible. *Meily* v. *Knox,* 269 Ill. 463; *Yott* v. *Yott,* 265 id. 364; *Phillippe* v. *Clevenger,* 239 id. 117.

The chancellor did not err in dismissing the bill for want of equity. The decree is therefore affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE STONE took no part in this decision.