THADDEUS ST. ANGE, Plaintiff-Appellee, *v.* JOHNNY CHAMBLISS, Defendant-Appellant.

First District (1st Division)    No. 77-1672

Opinion filed May 14, 1979.

William E. Elston, Jr., of Chicago, for appellant.

No brief filed for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

This record places before us a narrow issue as to the legal propriety of an order for a personal deficiency entered after a mortgage foreclosure sale when the judgment for foreclosure provided only that any deficiency would be entered against the property *in rem.* The case involves foreclosure of a mortgage by Thaddeus St. Ange (plaintiff) against Johnny Chambliss (defendant). We assume in this opinion that defendant was the maker of the indebtedness foreclosed although the note and the trust deed or mortgage are not included in the record before us.

Although plaintiff has failed to favor us with a brief, "we have elected to review the record and decide the case on its merits." *City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 402, 367 N.E.2d 1305.

On June 17, 1977, a judgment for foreclosure and sale was entered in favor of plaintiff. The judgment contained the usual computation of the amounts due plaintiff. It provided for sale of the property by the sheriff if the indebtedness was not paid within three days. The judgment also provided for a report of sale and distribution of the proceeds thereof to be made to the court for its approval. In addition the judgment directed that the sheriff should specify the amount of any deficiency in his report of sale so:

"* * * that a deficiency decree [judgment] of such amount, if any, be at that time entered against the property and premises IN REM and further that said deficiency decree [judgment] stand as a lien

and apply against the rents, issues and profits accruing from the said premises during the period of redemption."

On August 16, 1977, the trial court entered an order reflecting public sale of the property by the sheriff for $5000 leaving a deficiency of $5378.82. The order directed that plaintiff should have a lien upon the rents, issues and profits from the premises during the full statutory period of redemption unless the deficiency was previously satisfied. The order also provided in the final paragraph thereof:

"It is further ordered that a personal deficiency is entered herein against the defendant, JOHNNY CHAMBLISS, for Five-Thousand Three-Hundred Seventy-Eight and 82/100 Dollars ($5,378.82)."

Defendant filed timely notice of appeal directed solely against this personal judgment for deficiency.

The pertinent statute provides (Ill. Rev. Stat. 1977, ch. 95, par. 56):

"* * * in all actions directing foreclosure of mortgages, a judgment may be rendered for any balance of money that may be found due to the plaintiff, over and above the proceeds of the sale or sales, and execution may issue for the collection of such balance, the same as when the judgment is solely for the payment of money. Such judgment may be rendered conditionally, at the time of ordering the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due. Such execution shall issue only in cases where personal service has been had upon the defendant or defendants personally liable for the mortgage debt, unless they have entered their appearance in such suits."

In accordance with this statute, the Illinois cases hold that in any foreclosure proceeding the creditor may proceed against the property and in addition may obtain a money judgment *in personam* for any deficiency. *Emerson v. La Salle National Bank* (1976), 40 Ill. App. 3d 794, 798-99, 352 N.E.2d 45.

It is defendant's theory that the entry of the judgment for foreclosure on June 17, 1977, which included the provision for judgment for any deficiency *in rem* against the property, prevented the trial court from subsequently entering a personal deficiency against the defendant. Defendant therefore urges that the trial court could not have entered the personal deficiency against defendant on August 16, 1977, without first formally amending the previous judgment for foreclosure entered June 17, 1977. We cannot agree.

We find that the statute above cited pertaining to deficiency judgments gives clear legal authority to the circuit courts to enter personal judgments for deficiencies which may result after sale of real estate in a mortgage foreclosure proceeding. The statute authorizes the court to

proceed under two stated alternatives. First, the judgment for personal deficiency may be rendered conditionally at the time of ordering the foreclosure. In the case before us the trial court could have entered a conditional judgment for personal deficiency as part of the judgment for foreclosure entered June 17, 1977, before the real estate was sold. Second and alternatively, the trial court had power to render a personal judgment for any deficiency which might have appeared after the sale and ascertainment of the balance due. The trial court here elected to follow the latter course and to enter the judgment for personal deficiency as a part of the order of August 16, 1977, after the amount of the deficiency had been ascertained.

Thus, the entry of the so-called decree *in rem* against the property in the foreclosure judgment of June 17, 1977, amounted to no more than the creation of a lien *in rem* against the property and the rents, issues and profits therefrom to be paid upon account of the deficiency. A lien has been defined as "[a] charge on property for the payment of a debt." (*City of Chicago v. City Realty Exchange, Inc.* (1970), 127 Ill. App. 2d 185, 190, 262 N.E.2d 230, *appeal denied* (1970), 44 Ill. 2d 583.) A lien against the property during a full period of redemption is generally created by agreement of the parties in the mortgage instrument or trust deed. Almost without exception, these indentures provide for a lien against the property and the rents thereof during the full period of redemption in event of foreclosure.

In our opinion, the entry of this type of lien against the property in the judgment for foreclosure entered June 17, 1977, did not exhaust the statutory power of the court to enter a personal deficiency after the sale of the property and after the amount of deficiency had been ascertained, all in accordance with the governing statute. The creditor's remedies of an *in rem* lien against the property and rents for the full period of redemption and the right to a personal judgment for any deficiency are neither inconsistent nor mutually exclusive.

None of the arguments advanced in defendant's brief suffice to refute the principles above stated. Defendant's first point is that the pertinent statute makes the choice between an *in rem* lien upon the property and a personal judgment for deficiency binding upon the trial court. As above shown, we find no such provision in the statute. The statute is not concerned with *in rem* action against the property to recover the deficiency resulting from sale. The statute is limited to personal liability for a deficiency resulting after sale.

Defendant next urges that *Sears v. Nichols* (1905), 123 Ill. App. 449, indicates that a conditional deficiency decree is final. Assuming that *Sears* holds, as defendant contends, that a conditional deficiency judgment may be final, that result is not pertinent in the instant case. As shown, in the

case before us, we are not dealing with a judgment for foreclosure which provided for personal liability upon the deficiency.

The following point raised by defendant is that since the judgment for foreclosure did not provide for a personal judgment it could be amended after entry only by formal amendment procedures. We need not consider the cases cited by defendant to this point. The record before us shows that the judgment for foreclosure contained no provision for personal liability for deficiency. Consequently the pertinent statute is applicable here and the trial court had full legal authority to render the personal judgment "after the sale and the ascertainment of the balance due."

Defendant then urges that "when a decree [judgment] says it is *in rem*, or that there is to be no personal liability, it is to be read and applied literally." Defendant here contends that since the judgment for foreclosure was *in rem* and not *in personam*, the trial court was barred from entering a personal deficiency judgment after sale. Here also the clear language of the statute expressly grants the trial court the power to enter a personal judgment after the sale. This same argument is repeated by defendant in the final section of his brief in which he urges, "the trial court is bound by the findings and determinations contained in the decree [judgment] of foreclosure and sale." Here again the refutation of this argument is found in the pertinent statute and in the fact that the judgment for foreclosure contained no determination of or reference to personal liability for deficiency.

In these portions of the argument defendant cites and depends primarily upon *Mortgage Syndicate, Inc. v. Do & Go Equipment, Inc.* (1972), 7 Ill. App. 3d 106, 286 N.E.2d 520. That case dealt with a situation in which plaintiff, in a mortgage foreclosure, sought to obtain a personal deficiency against three defendants who had endorsed the mortgage note. This court agreed with that portion of the decision of the trial court which held that plaintiff could not recover a personal deficiency against the endorsers in the foreclosure proceeding. This court commented that the ruling meant only that the judgment for deficiency could not be entered against the endorsers in the foreclosure and did not mean that the endorsers were released completely from personal liability on the note. The case does not deal with the problem before us.

We conclude that the order for personal deficiency against the defendant in the case before us was properly entered and it is therefore affirmed.

Order affirmed.

McGLOON and O'CONNOR, JJ., concur.