FARMER CITY STATE BANK, Plaintiff-Appellee, v. THE CHAMPAIGN NATIONAL BANK, Trustee, *et al.*, Defendants (John T. Henry *et al.*, Defendants-Appellants).

Fourth District   No. 4—84—0198

Opinion filed November 19, 1985.

Steven N. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellants.

John N. Stevens, of Bloomington, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

The defendants appeal a deficiency decree entered in favor of the plaintiff, Farmer City State Bank, resulting from the foreclosure and sale of defendants' property. On appeal, the defendants argue that the trial court erred in entering the deficiency judgment against them because (1) the allegations of the complaint for foreclosure do not sustain the entry of the deficiency decrees; (2) the defendants are guarantors; and (3) defendant John Henry failed to receive actual notice of the foreclosure sale. Alternatively, the defendants argue that the trial court erred in determining the amount due under the mortgage indebtedness. We affirm.

The Farmer City State Bank (bank) loaned John T. Henry and Evelyn Henry the sum of $60,000 on July 24, 1980. The Henrys executed a promissory note in favor of the bank. The Champaign National Bank, as trustee (trustee), under a land trust held for the benefit of the Henrys, executed a mortgage to secure the payment of the indebtedness. On this same date, the trustee executed a second mortgage to the bank to secure the payment of a prior loan to the Henrys in the amount of $345,000. This indebtedness is also evidenced by a promissory note executed by the Henrys. Both mort-

gages provided that the trustee was not liable for the mortgage indebtedness.

On March 9, 1982, after the Henrys had defaulted, the bank obtained a judgment by confession against the Henrys on the $60,000 note. In an effort to collect the judgment, the bank levied upon certain personal property of the Henrys. Those proceedings are the subject of a separate appeal. *Farmer City State Bank v. Henry* (1985), 138 Ill. App. 3d 854 (*Henry I*).

The bank then filed a two-count complaint seeking foreclosure of both mortgages. Although the body of either complaint failed to allege the parties who would be personally liable for a deficiency, both counts included a prayer for a personal deficiency decree against the Henrys. On March 9, 1983, a judgment of foreclosure was entered against Evelyn Henry and the trustee. The decree conditionally provided for the entry of a deficiency judgment against Evelyn Henry. On June 13, 1983, a judgment of foreclosure was entered against John Henry. The order provided that if the proceeds from the sale were insufficient, a deficiency judgment would be taken against John Henry.

The bank purchased the property at the foreclosure sale as high bidder for $170,000. The Henrys moved to set aside the sale for failure of John Henry to receive notice of the sale. On December 16, 1983, the court, finding that the sale was in total compliance with the statute, confirmed the sale and entered deficiency judgments against Evelyn in the amount of $86,998.37 and against John Henry in the amount of $95,464.14. The Henrys appeal from the order denying their motion to vacate the judgment.

On appeal the Henrys first argue that the bank's failure to plead the Henrys' personal liability bars the deficiency judgment. Presented with this appeal is the bank's motion to amend its complaint by adding an allegation that the Henrys are the persons claimed to be personally liable for a deficiency. Because we find that the entry of the deficiency decrees against the Henrys was proper, we deny the bank's motion to amend the complaint as unnecessary. 87 Ill. 2d R. 362(b).

■ Section 6 of "An Act relating to mortgages of property of public utilities" provides in pertinent part:

> "[I]n all actions directing foreclosure of mortgages, a judgment may be rendered for any balance of money that may be found due to the plaintiff, over and above the proceeds of the sale or sales and execution may issue for the collection of such balance, the same as when the judgment is solely for the pay-

ment of money. Such judgment may be rendered conditionally, at the time of ordering the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due. Such execution shall issue only in cases where personal service has been had upon the defendant or defendants personally liable for the mortgage debt, unless they have entered their appearance in such suits." (Ill. Rev. Stat. 1981, ch. 95, par. 56.)

Thus, a court has express statutory authority to render a personal judgment for a deficiency against any defendant over whom it has personal jurisdiction, or any defendant who has appeared in the foreclosure action. *Conerty v. Richtsteig* (1942), 379 Ill. 360, 41 N.E.2d 476; *Skolnik v. Petella* (1941), 376 Ill. 500, 34 N.E.2d 825; *St. Ange v. Chambliss* (1979), 71 Ill. App. 3d 658, 390 N.E.2d 484.

The defendants' argument implies, however, that the provisions of the Illinois Mortgage and Foreclosure Act (Ill. Rev. Stat. 1981, ch. 95, par. 23 *et seq.*) (IMFA) preclude the entry of a deficiency decree against a defendant who is not named in the complaint as being personally liable. We disagree.

Section 7(m) of the IMFA, which sets forth the form for a shortened foreclosure complaint, provides for inclusion of the following information:

"Name or names of persons claimed to be personally liable for a deficiency, if a deficiency judgment is prayed for: ***."

Section 23.6 of the IMFA, providing for a short form of pleading in a foreclosure action is "a purely procedural amendment and does not change the law in existence at the time the amendment was adopted." *City of Chicago v. Chatham Bank* (1964), 54 Ill. App. 2d 405, 414, 203 N.E.2d 788, 793.

The defendants rely upon *Townsend v. Townsend* (1935), 362 Ill. 384, 199 N.E. 786, and *Dorn v. Geuder* (1898), 171 Ill. 362, 49 N.E. 492, in support of their argument that the entry of a deficiency decree must be supported by proper allegations of personal liability in the complaint. Neither case lends support to the defendants' position. *Townsend* did not involve a suit for foreclosure but rather was an action to set aside a deed.

In *Dorn*, the court relying on the rule that a plaintiff may not recover where the proofs do not conform to the pleadings, reversed the entry of a foreclosure decree. The complainants' allegations that the defendants defaulted in the payment of the principal note and in the payment of coupon notes given at the time the note was executed were not proved at trial. Rather, the facts established at trial which would have entitled the complainants to relief—that the

defendants failed to make an interest payment in accordance with an agreement extending the maturity of the note—were not alleged in the complaint.

We find *Eiger v. Hunt* (1935), 282 Ill. App. 399, to be directly on point. There the court rejected the defendants' contention that the entry of a deficiency decree is not permitted when the complaint fails to allege personal liability and no prayer for a deficiency is made. The court held that the right to a personal judgment in foreclosure proceedings was authorized by statute.

The Henrys also argue that the trial court erred in entering a deficiency judgment against them because they are guarantors of the note. While it is true that a personal judgment under a guaranty cannot be obtained in an action based on a statutory short form foreclosure complaint (*Emerson v. La Salle National Bank* (1976), 40 Ill. App. 3d 794, 352 N.E.2d 45), we find that the Henrys' contention that they are guarantors of the notes to be untenable.

A guarantor is "one who becomes secondarily liable for another's debt or performance ***" (Black's Law Dictionary 634 (5th ed. 1979).) Here, the Henrys executed the promissory notes which are secured by the mortgages executed by the trustee of the land trust. In a foreclosure action, a deficiency may be rendered against the mortgagor or other persons liable for the mortgage debt. (*Cotes v. Bennett* (1899), 183 Ill. 82, 55 N.E. 661.) The Henrys signed the notes as makers and are liable for the mortgage debt. Deficiency judgments were properly rendered against them. See *Land of Lincoln Savings & Loan v. Michigan Avenue National Bank* (1982), 103 Ill. App. 3d 1095, 432 N.E.2d 378.

The Henrys' next contention on appeal is that the trial court erred in confirming the report of sale because the bank failed to comply with the statutory provisions regarding notice of the sale to John Henry. The Henrys' claim that John Henry did not receive actual notice of the sale. Contrary to the defendants' assertion, however, John Henry's failure to receive actual notice does not require that the sale be set aside.

Section 15.1 of the Judgment Act (Ill. Rev. Stat. 1981, ch. 77, par. 15.1, now Ill. Rev. Stat. 1983, ch. 110, par. 12—117) provides:

"In addition to any other notice required by law, and except as hereinafter provided, the plaintiff in a mortgage foreclosure action shall give notice to all parties in the action who have appeared therein and have not theretofore been found by the court to be in default for failure to plead, of any sale to be held pursuant to a judgment of foreclosure. Such notice shall

> specify the place, date and time of sale and shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 4 weeks nor less than 2 weeks prior to the day of sale."

Under Supreme Court Rule 11, providing for manner of service of papers other than process and complaint, service is to be made on the attorney of record or upon the party if not represented, and may be had by mail. 87 Ill. 2d R. 11.

■■ On November 4, 1983, the bank mailed notices of the sale to John Henry, Evelyn Henry and their attorney of record. The notice provided that the sale would take place on November 28, 1983. A copy of the notice, with proof of service, was filed with the court. The notice given in the present case fully complied with the requirements of section 15.1, and we agree with the trial court that due notice of the sale was given. It is irrelevant whether John Henry had actual notice of the sale—the knowledge of his attorney is considered sufficient.

The Henrys also contend that the trial court erred in determining the amounts of the mortgage indebtedness. First, relying on the general rule that a final judgment cannot be increased except for interest as provided by statute, the Henrys argue that the trial court impermissibly allowed the bank to increase the amount of the judgment it had previously obtained on the $60,000 note. We disagree.

■■ The bank, in obtaining a judgment of foreclosure, did not impermissibly increase a prior judgment, but pursued a separate and distinct remedy available to it as a holder of a note secured by a mortgage. Upon default, a mortgagee may sue upon the note itself or bring an action to foreclose the mortgage. (*Skach v. Lydon* (1973), 16 Ill. App. 3d 610, 306 N.E.2d 482.) These remedies may be pursued consecutively or concurrently. (*Washingtonian Home v. Van Meter* (1938), 297 Ill. App. 591, 18 N.E.2d 82.) Where the mortgagee takes a judgment upon the note, the mortgage stands as security for the judgment. (*Jocelyn v. White* (1903), 201 Ill. 16, 66 N.E. 327.) If the mortgagee then forecloses the mortgage and obtains a deficiency judgment against the mortgagor, the judgment on the note is merged into the second judgment. *McDonald v. Culhane* (1940), 303 Ill. App. 101, 24 N.E.2d 737.

Without objection by the defendants, the bank elected to allocate all of the costs of collection and enforcement and offsetting credits with regard to both debts to the $60,000 note, which was secured by the first mortgage. In addition to providing for the recovery of fees and expenses incurred in a foreclosure action, both mortgages in the

present case provided for the recovery of such expenses "in case of any other suit, or legal proceeding, wherein the mortgagee shall be made a party thereto by reason of [the] mortgage ***."

In determining the amount due under the decree of foreclosure, the trial court allowed the bank's attorney fees and expenses incurred by the bank in preserving the property. In addition, the attorney for the bank testified that his fee included amounts billed for services rendered in collection efforts, bankruptcy proceedings and the foreclosure action. We find that the fees and expenses allowed by the trial court were expressly authorized by the terms of the mortgage.

We also reject the Henrys' second contention of error that the amount of the bank's attorney fees was not supported by the record. The Henrys argue that there was no evidence that the amount of time was reasonable or that the charges represent the usual and customary fee for the community. At the hearing on the complaint for foreclosure, the bank's attorney testified that his charge of $50 per hour was fair and reasonable for the practice of law in Illinois. He also testified that all of the time expended was necessary for the collection efforts. Upon review of the evidence, we find that the award of fees was reasonable.

Thirdly, the Henrys contend that the circuit court erred in failing to take into consideration the value of their personal property in the custody of the sheriff which had not yet been sold. Again, we disagree.

The foreclosure sale occurred on November 28, 1983, and the deficiency decrees were entered on December 16, 1983. Prior to the foreclosure sale, the trial court had stayed all proceedings involving the sale of the personal property. As this court holds in *Henry I*, the $60,000 note was retired by the foreclosure sale and the action of the circuit court in awarding a portion of the proceeds of the sale of the personal property to the bank was erroneous. For the same reasons, the position here urged by the defendants would likewise have been improper.

For the foregoing reasons, the judgment of the circuit court of DeWitt County is affirmed.

Affirmed.

McCULLOUGH and MORTHLAND, JJ., concur.