# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Turczak v. First American Bank*, 2013 IL App (1st) 121964

---

| | |
|---|---|
| Appellate Court Caption | LAURA J. TURCZAK and ROBERT M. LEW, Plaintiffs-Appellants, v. FIRST AMERICAN BANK and LEBOW, MALECKI & TASCH, LLC, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-12-1964 |
| Filed | October 2, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The default judgment defendant bank obtained on the promissory note securing its second mortgage on plaintiffs' residence did not bar defendant from enforcing its second mortgage on the residence, since Illinois law allows such a creditor to consecutively or concurrently seek recovery on a mortgage and the note securing the mortgage; furthermore, the default judgment obtained by the first mortgagor's foreclosure action did not extinguish the second mortgagor's second mortgage lien in the absence of a judicial sale of the property and the confirmation of the sale, and, therefore, plaintiffs' action alleging that defendant second mortgagee and its law firm violated the Consumer Fraud and Deceptive Business Practices Act and the Fair Debt Collections Practices Act by demanding $6,000 from plaintiffs for the execution of a release to complete the short sale plaintiffs arranged was properly dismissed, since the second mortgagee's rights in the property had not been extinguished. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M-4001670; the Hon. James Gavin, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Brian M. Fornek, of Brian M. Fornek & Associates, PC, of Batavia, for appellants.

Richard K. Hellerman and Mark D. Belongia, both of Roetzel & Andress, LPA, of Chicago, for appellee First American Bank.

John Duffy, Karen DeGrand, and Michael Carney, all of Donohue Brown Mathewson & Smyth, LLC, of Chicago, for appellee Lebow, Malecki & Tasch, LLC.

Panel

PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.

Justices Pucinski and Mason concurred in the judgment and opinion.

## OPINION

¶ 1     For plaintiffs to close a short sale, defendants, the second mortgagee and the law firm that represented the second mortgagee, conditioned the release of the second mortgage on plaintiffs paying $6,000. This payment forms the basis for plaintiffs' claims.

¶ 2     Plaintiffs contend that once the second mortgagee had obtained a default judgment on its promissary note, the doctrine of *res judicata* barred any action on the second mortgage and defendants' demand for $6,000 to execute the release violated the Illinois Consumer Fraud and Deceptive Business Practices Act (in the case of the second mortgagee) (815 ILCS 505/1 *et seq.* (West 2008)) and the federal Fair Debt Collections Practices Act (in the case of the law firm) (15 U.S.C. § 1692 *et seq.* (2006)). The trial court dismissed the complaint for lack of legal sufficiency. We affirm. Illinois law holds a lender may proceed in separate suits to enforce the mortgage and the underlying promissory note, and the second mortgagee's rights in the property were not extinguished as a matter of law.

¶ 3               BACKGROUND

¶ 4     Wells Fargo Bank and First American Bank financed plaintiffs Laura Turczak's and Robert Lew's purchase of a residence at 1300 Dodson Ave., Elburn, Illinois. Wells Fargo secured its $391,250 loan with a promissory note and first mortgage on the property. First American secured its $73,335 loan with a promissory note, in which plaintiffs were jointly and severally liable for the repayment of the principle, and a second mortgage on the property. Both the Wells Fargo and First American mortgages were dated August 9, 2007.

¶ 5     In 2010, plaintiffs stopped paying off the loans. In June 2010, Wells Fargo filed to foreclose its mortgage against plaintiffs and First American. On September 3, 2010, Wells

Fargo obtained a "Variable Foreclosure Order" finding plaintiffs, First American, and other parties in default. Judgment for foreclosure and sale was entered in the amount of $408,597.92.

¶ 6       Also in June 2010, during the pendency of Wells Fargo's action, First American, through defendant law firm, sued plaintiffs on the promissory note that secured First American's second mortgage. On December 21, 2010, First American obtained a default judgment against plaintiffs in the amount of $80,986.93 and recorded a memorandum of the judgment in Kane County on December 28 (the Wells Fargo and First American lawsuits were all filed in the circuit court of Kane County as the property was located in Kane County). Under the judgment First American could garnish each plaintiff's wages.

¶ 7       Plaintiffs tried to set up a short sale of the property between September 3, 2010, and March 10, 2011, with a sale being subject to the approval of Wells Fargo and First American. Plaintiffs allege that during this time, First American refused to consent to any short sale unless the balance it was due on its promissory note or the default judgment was paid.

¶ 8       Plaintiffs received an offer of $277,000 for the property. Although not enough to satisfy Wells Fargo's judgment, Wells Fargo agreed to approve the short sale if, among other things, First American executed a release of its mortgage lien. First American required plaintiffs pay $6,000 to sign the release. On March 7, 2011, plaintiffs secured First American's release of its mortgage lien after paying $3,000 and Wells Fargo contributing the remaining $3,000.

¶ 9       Plaintiffs alleged that during the time plaintiffs tried to sell the property, defendant Lebow, Malecki & Tasch, LLC, the law firm for First American, engaged in false or misleading conduct by maintaining that First American had an enforceable second mortgage after obtaining the judgment on First American's promissory note. Plaintiffs plead the law firm violated the federal Fair Debt Collections Practices Act (15 U.S.C. § 1692 *et seq.* (2006)) (FDCPA).

¶ 10      Plaintiffs further alleged First American violated either the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2008)) or a valid interlocutory order. Plaintiffs pled First American could not have sought to foreclose the second mortgage when it tied the release of the second mortgage to the payment. Plaintiffs do not challenge the enforceability of the $80,986.93 judgment in First American's promissory note action against them.

¶ 11      Defendants moved to dismiss the complaint under section 2-615 of the Code of Civil Procedure. 735 ILCS 5/2-615 (West 2008). They argued that First American's default judgment on the promissory note securing the second mortgage did not bar First American from enforcing its second mortgage because Illinois law allows a creditor to consecutively as well as concurrently pursue remedies on a mortgage and the note securing the mortgage. Defendants also argued Illinois law recognizes that Wells Fargo's default judgment did not extinguish First American's second mortgage lien in the absence of a judicial sale of the property and judicial confirmation of the sale.

¶ 12      Without a written order explaining its reasoning, the trial court dismissed plaintiffs' complaint with prejudice.

¶ 13      Plaintiffs timely appeal.

¶ 14                                          ANALYSIS

¶ 15        A section 2-615 motion to dismiss attacks "the legal sufficiency of a complaint based on defects apparent on its face." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009); see 735 ILCS 5/2-615 (West 2008). In deciding a motion to dismiss under section 2-615, the trial court considers only the "facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the record." *Pooh-Bah Enterprises, Inc.*, 232 Ill. 2d at 473. All well-pleaded facts and all reasonable inferences that may be drawn from those facts must be accepted as true. *Id.* Mere conclusions of law or facts unsupported by specific factual allegations in the complaint are disregarded. *Id.* The trial court should grant the motion to dismiss if it is "clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Id.* We review the trial court's granting of a section 2-615 motion to dismiss *de novo. Id.*

¶ 16                                 Completeness of Record

¶ 17        First American argues that without the trial court's "extensive reasoning and lengthy questioning of counsel during the two-days of hearings" or a certified bystander's affidavit (Ill. S. Ct. R. 323(c) (eff. Dec. 13, 2005)), plaintiffs failed to satisfy their burden of providing a sufficiently complete record on the proceedings below.

¶ 18        With no recording and the trial court declining to issue a written opinion or, apparently, explain its ruling in open court, we question what a bystander's report summarizing counsel's arguments would add, particularly because the standard of review is *de novo.* As the court noted in *Maynard v. Parker*, 54 Ill. App. 3d 141, 142-43 (1977), "Where the judgment appealed from relates only to a question of law involving an order which was part of the common law record, the record on appeal is adequate without a transcript of proceedings."

¶ 19        As our review is *de novo*, we will address plaintiffs' claims of error on the merits. Before doing so, however, we take this opportunity to remind trial judges that, unlike umpires, they must justify the substance of their decisions. Explaining a ruling, either orally or in writing, instills confidence in the impartiality and fairness of the judge and enhances respect for the courts. While who prevails matters, the "why" also matters, and not just to the losing party. The parties, the legal profession, and the public are more likely to place greater confidence in our legal system when judges give reasons for their decisions.

¶ 20                                     *Res Judicata*

¶ 21        Plaintiffs argue that First American should have adjudicated the promissory note and mortgage together in a single action, both documents having been signed as part of the same original transaction. And, once First American successfully obtained the final judgment on the promissory note, the principles of *res judicata* come into play to bar any other action to enforce the second mortgage, thereby establishing the fraudulent nature of the *sine qua non* for the release. If plaintiffs are wrong, and the doctrine of *res judicata* does not extinguish

-4-

the second mortgage lien, their causes of action deserve dismissal.

¶ 22    *Res judicata*, an equitable doctrine, prevents the multiplicity of lawsuits between the same parties involving the same facts and issues. *Murneigh v. Gainer*, 177 Ill. 2d 287, 299 (1997). After a court of competent jurisdiction enters a final judgment on the merits, *res judicata* bars the same parties or their privies from relitigating causes of action that were or could have been raised in the earlier lawsuit. *Lane v. Kalcheim*, 394 Ill. App. 3d 324, 329 (2009); *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (*res judicata* also applies to causes of action that could have been decided).

¶ 23    For *res judicata* to apply, the party must show each of the following elements: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of the parties or their privies. *Kalcheim*, 394 Ill. App. 3d at 329-30. Here, the decisive element is the identity of the causes of action.

¶ 24    Illinois follows the so-called transactional test to determine the identity of the causes of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310 (1998). The transactional test considers separate claims as part of the same cause of action, even without substantial overlap in the evidence, as long as the claims "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 184 Ill. 2d at 311.

¶ 25    Plaintiffs maintain that (i) from September 3, 2010 (date of entry of default judgment against First American in Wells Fargo's foreclosure suit), until at least March 10, 2011, First American did not possess an enforceable mortgage lien; and (ii) from December 29, 2010 (day after First American recorded its default judgment against plaintiffs in First American's suit to enforce the promissory note) until at least March 10, 2011, First American's only enforceable lien was its judgment lien. Consequently, plaintiffs contend, *res judicata* precludes First American from asserting its mortgage lien in exchange for consenting to the short sale.

¶ 26    Plaintiffs rely on *Skolnik v. Petella*, 376 Ill. 500, 507 (1941), for the proposition that under the doctrine of *res judicata*, a lawsuit to foreclose a mortgage and a lawsuit to enforce personal liability on the underlying note must be pursued in a single action. Plaintiffs submit that no decision of the Illinois Supreme Court or any appellate decision has allowed a mortgage lender to split its note and mortgage enforcement actions.

¶ 27    Not only does the *Skolnik* case not help plaintiffs, but well-settled Illinois case law permits lenders to bring separate enforcement actions on the mortgage and the note.

¶ 28    In *Skolnik*, the bank tried to maintain a second action for a deficiency against an assignee after having already sued and obtained a judgment on the deficiency claims against the original debtors. These facts markedly differ from the facts presented here. And, the holding in *Skolnik* is consistent with *res judicata* principles because the second action on the deficiency was nothing more than a do-over of the first action on the deficiency.

¶ 29    Case law discredits plaintiffs' argument as well. Defendants cite a number of cases holding a note accompanying a mortgage need not be enforced in a single case. *Farmer City State Bank v. Champaign National Bank*, 138 Ill. App. 3d 847, 852 (1985) (mortgagee may consecutively pursue collection on note and mortgage foreclosure); see also *Treadway v.*

*Nations Credit Financial Services Corp.*, 383 Ill. App. 3d 1124, 1131 (2008) (same).

¶ 30      In another case, *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237, 242 (2004), which is discussed in depth by the parties, defendant executed a promissory note, secured by a mortgage to the plaintiff's predecessor in interest, as well as a personal "Commercial Guaranty." *Goldstein*, 349 Ill. App. 3d at 238. The obligors on the note defaulted and the plaintiff's predecessor filed suit to foreclose the mortgage. *Goldstein*, 349 Ill. App. 3d at 239. The property was sold at a sheriff's sale leaving a deficiency, which the plaintiff's predecessor obtained in an *in rem* deficiency judgment. *Id.* The plaintiff was assigned all interests in the note, the guaranty, and the deficiency judgment and sued based on the "Commercial Guaranty" of the note. The defendant moved to dismiss, claiming the action was barred under the doctrine of *res judicata*. *Id.* The trial court granted the defendant's motion to dismiss.

¶ 31      Applying the transactional analysis, the *Goldstein* court held that while the transactions were related, "we do not believe that their mere proximity in time and the overlap of some of the parties render them a single transaction, especially in light of the purpose of each of the transactions." *Id.* at 241. The court observed, "It is *** settled that, upon default, the mortgagee is allowed to choose whether to proceed on the note or guaranty or to foreclose upon the mortgage. 'These remedies may be pursued consecutively or concurrently.' " *Goldstein*, 349 Ill. App. 3d at 241 (quoting *Farmer City State Bank v. Champaign National Bank*, 138 Ill. App. 3d 847, 852 (1985)).

¶ 32      A case cited by *Goldstein*, *Citicorp Savings of Illinois v. Ascher*, 196 Ill. App. 3d 570, 574 (1990), specifically held that a judgment of foreclosure will not bar a later suit on a guaranty because the foreclosure judgment does not adjudicate the defendant's rights and liabilities under a guaranty contract and, thus, the doctrine of *res judicata* is not implicated. See also *Du Quoin State Bank v. Daulby*, 115 Ill. App. 3d 183, 186 (1983) (previous foreclosure did not resolve defendant's liability under personal guaranty).

¶ 33      Plaintiffs also assert *ABN Amro Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526 (2010), requires a contrary result. There, the Illinois Supreme Court held that a mortgage foreclosure suit is *quasi in rem*, as opposed to *in rem*, because it involves both an action against real property as well as a monetary claim for personal liability. Nevertheless, *ABN Amro* does not alter the ability to bring a separate suit on the promissory note, which remains a purely *in personam* proceeding. In an oft-quoted footnote, the United States Supreme Court summarized the distinction of the three classes of legal proceedings:

> "A judgment *in personam* imposes a personal liability or obligation on one person in favor of another. A judgment *in rem* affects the interests of all persons in designated property. A judgment *quasi in rem* affects the interests of particular persons in designated property. The latter is of two types. In one the plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons. In the other the plaintiff seeks to apply what he [or she] concedes to be the property of the defendant to the satisfaction of a claim against him [or her]." *Hanson v. Denckla*, 357 U.S. 235, 246 n.12 (1958).

Thus, while *in rem* differs from *quasi in rem*, both are alternatives to *in personam*

jurisdiction. Foreclosure suits on property, *quasi in rem* proceedings, apply a legally distinct remedy from an *in personam* proceeding on a promissory note.

¶ 34    No compelling reasons exist to abandon this settled law.

¶ 35    Next, plaintiffs read the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2008)) as requiring enforcement of the note and mortgage together in a single case. Yet, the language pertains only to actions to foreclose mortgages and says nothing that would make it applicable to other types of lawsuits, including actions at law for judgment on a promissory note. Moreover, section 15-1504 states that a "[foreclosure] complaint *** *may* be joined with other counts or *may* include in the same count additional matters or a request for any additional relief." (Emphases added.) 735 ILCS 5/15-1504(b) (West 2008). It hardly needs to be said that "may" is a permissive, not a mandatory, term.

¶ 36    As for plaintiffs' argument that Wells Fargo's default judgment against First American extinguished First American's second mortgage, the statute specifically provides otherwise. After a judgment of foreclosure, only a judicial sale of the property followed by judicial confirmation of the sale will terminate "with finality" the rights of third parties. 735 ILCS 5/15-1404 (West 2008). Wells Fargo never held a judicial sale of the property. Therefore, as a matter of law, First American was under no legal restraint in seeking a payment in exchange for signing the release of its second mortgage.

¶ 37    The Illinois Consumer Fraud and Deceptive Business Practices Act and the federal Fair Debt Collection Practices Act claims hinge on First American and its law firm misleading plaintiffs on the viability of First American's second mortgage. Having decided against plaintiffs on the premise underlying the claims, neither claim survives the motion to dismiss. The motion to dismiss is affirmed.

¶ 38    Affirmed.