2014 IL App (1st) 140184

SIXTH DIVISION
December 19, 2014

No. 1-14-0184

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| LSREF2 NOVA INVESTMENTS III, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 L 5297 |
| | ) | |
| MICHELLE COLEMAN, | ) | The Honorable |
| | ) | Brigid Mary McGrath, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Justice Hall concurred in the judgment and opinion.
Justice Rochford dissented, with opinion.

**O P I N I O N**

¶ 1    Plaintiff, LSREF2 Nova Investments III, LLC, appeals the circuit court's order granting a motion to reconsider in favor of defendant, Michelle Coleman, and dismissing plaintiff's complaint seeking relief under a promissory note based on the doctrine of *res judicata*.  On appeal, plaintiff contends the circuit court erred in dismissing its complaint where *res judicata* did not bar it from pursuing a distinct remedy other than the remedy pursued in the prior mortgage foreclosure action.  Based on the following, we reverse and remand for further proceedings.

¶2                                    FACTS

¶3      On November 19, 2007, defendant executed a mortgage and a promissory note in relation to a commercial property located at 6456 S. Honore, in Chicago, Illinois.  The promissory note was for $304,000 and was secured by the mortgage.  Plaintiff is the current holder of the promissory note, as the apparent successor in interest of Citibank, N.A.

¶4      On August 18, 2010, plaintiff's predecessor in interest filed a single-count complaint to foreclose the mortgage seeking in its prayer for relief, *inter alia*, a judgment to foreclose the mortgage and a personal judgment for a deficiency.  The mortgage and the promissory note were attached as exhibits to the complaint.  On November 22, 2010, the circuit court entered a judgment of foreclosure and sale in favor of plaintiff, finding that a default had occurred in the payment of the principal and interest due pursuant to the terms of said mortgage and note and that "plaintiff has the right and power to declare immediately due and payable all indebtedness secured by the mortgage."  The circuit court further found that by virtue of the mortgage and note, plaintiff was due $322,668.35.  The judgment also provided that "[i]n case there is any deficiency in the amount [due] the plaintiff, LSREF2 NOVA INVESTMENTS, LLC, the plaintiff shall be entitled to a deficiency judgment against the defendant, MICHELLE L. COLEMAN, jointly and severally, for such amount and for an execution thereon as provided by law." In addition, the judgment provided that "[t]he Court expressly retains jurisdiction of the property which is the subject of this foreclosure for so long as may be necessary for the purpose of placing in possession of the premises the holder of the Certificate of Sale or the grantees in the Intercounty Judicial Deed, or his or their legal representatives or

assigns, and reserves the right to appoint a receiver to take possession of said premises in order to prevent impairment of the value of the premises, manage and conserve the premises, or satisfy any deficiency which may be found due to plaintiff."

¶5     On January 11, 2011, a judicial sale was held and plaintiff purchased the subject property for $100,000. On February 28, 2011, the circuit court entered an order approving the report of the sale and distribution of the subject property, confirming the sale, and ordering possession. The February 28, 2011, order stated that "[t]here shall be an IN REM deficiency judgment entered in the sum of $227,416.32 with interest thereon as by statute provided against the subject property."

¶6     On May 15, 2012, plaintiff filed a complaint, seeking to enforce the promissory note against defendant. On January 2, 2013, defendant filed an answer, but, on May 15, 2013, the circuit court granted defendant's motion to withdraw that answer and to file a motion to dismiss. In her motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)), defendant alleged plaintiff's breach of contract action was barred by the doctrine of *res judicata* where the circuit court already had ruled on defendant's liability pursuant to the promissory note. On October 30, 2013, the circuit court denied defendant's motion to dismiss without providing its reasoning. Then, on November 27, 2013, defendant filed a motion to reconsider the circuit court's denial of her motion to dismiss, arguing that the circuit court erred in its application of the law to the facts established by the pleadings. Following a hearing,[1] the motion to reconsider was granted by the circuit court on December 19,

---

[1] A transcript from the hearing, or an acceptable substitute, does not appear in the record on appeal.

2013, and plaintiff's complaint was "dismissed with prejudice based upon *res judicata*." This appeal followed.

¶7                                    ANALYSIS

¶8      Plaintiff contends the circuit court erred in granting defendant's motion to reconsider and in dismissing its complaint based on *res judicata* where plaintiff was entitled to pursue an action separate from the prior foreclosure proceeding in order to adjudicate defendant's liability under the promissory note. In response, defendant contends plaintiff is barred from pursuing an *in personam* claim under the note against her where its previously adjudged complaint requested "[a] personal judgment for any deficiency," where the foreclosure judgment explicitly provided that plaintiff was "entitled to a deficiency judgment" against defendant in the event there was a remaining deficiency, and where the order approving the sale and distribution of the subject property stated that "[t]here shall be an IN REM deficiency judgment entered in the sum of $227,416.32 with interest thereon as by statute provided against the subject property."

¶9      The parties dispute the proper standard of review. While we recognize that the circuit court did grant defendant's motion to reconsider, the ultimate ruling was the dismissal of plaintiff's complaint on the basis of *res judicata*. A section 2-619 motion to dismiss admits the legal sufficiency of a plaintiff's allegations but asserts the existence of an affirmative matter that avoids or defeats the plaintiff's claim, in this case *res judicata*. See *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). This court reviews *de novo* a dismissal pursuant to section 2-619 based upon the doctrine of *res judicata*. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 565 (2000).

¶10    The doctrine of *res judicata* prevents the multiplicity of lawsuits between the same parties involving the same facts and issues. *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 22. In order for *res judicata* to bar the same parties or their privies from litigating causes of action that were or could have been raised in an earlier lawsuit, the moving party must demonstrate (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of the parties or their privies. *Id*. ¶ 22-23. There is no dispute that the circuit court rendered a final judgment by granting relief in the foreclosure action or that there is an identity of the parties or privies. The parties dispute the second element, namely, the existence of an identity of causes of action. Plaintiff contends there was no identity to the causes of action where it sought separate, consecutive proceedings for the adjudication of the mortgage and note. In contrast, defendant argues there was an identity of the causes of action where the pleadings demonstrate plaintiff chose to adjudicate its rights under the note in the mortgage foreclosure action.

¶11    With regard to the second element of *res judicata*, Illinois applies the "transactional test" to determine the identity of causes of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310 (1998). Pursuant to the transactional test, separate claims are considered as part of the same cause of action, even without substantial overlap in the evidence, as long as the claims "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. at 311.

¶12    It is well settled that "[u]pon default, a mortgagee may sue upon the [promissory] note itself or bring an action to foreclose the mortgage. [Citation.] These remedies may be pursued consecutively or concurrently." *Farmer City State Bank v. Champaign*

5

*National Bank*, 138 Ill. App. 3d 847, 852 (1985). In *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237 (2004), the Second District applied the transactional test to determine whether *res judicata* barred the subsequent filing of a claim under a guaranty after already having received a judgment on a foreclosure complaint. This court advised:

> "At first blush, a transactional analysis may appear to lead to the conclusion that the action on the guaranty is the same cause of action as the mortgage foreclosure, because the note, mortgage, and guaranty were all executed concurrently and, apparently, as components of a related deal. Such a result, however, overlooks the practical aspects of the interrelated transactions comprising the execution of the note, mortgage, and guaranty, as well as long-settled precedent, and reduces the transactional analysis to the most cursory and formalistic level. The note was executed to provide capital, the mortgage to secure the note. *** While the *** transactions are related, we do not believe that their mere proximity in time and the overlap of some of the parties render them a single transaction, especially in light of the purpose of each of the transactions." *Id*. at 240-41.

¶ 13 Generally, Illinois courts held that a mortgage foreclosure action was an *in rem* proceeding that adjudicated only the interests in the property subject to the mortgage, while an action to enforce a promissory note or guarantee was an *in personam* action against the person or entity. *Id*. However, in *ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526, 538 (2010), the supreme court clarified that a mortgage foreclosure suit is a *quasi in rem* action because it involves both an action against real property as well as a monetary claim for personal liability. Nevertheless, this court, in

*Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 33, instructed that "*ABN AMRO* does not alter the ability to bring a separate suit on the promissory note, which remains a purely *in personam* proceeding." That said, while the holder of a note secured by a mortgage may pursue remedies on both the mortgage and the note cumulatively, he "is limited to one satisfaction." *Skach v. Lydon*, 16 Ill. App. 3d 610, 614 (1973). In other words, the mortgagor and note holder may not obtain double recovery.

¶14 Based on the record before us, we conclude that the circuit court erred in dismissing plaintiff's complaint based on *res judicata.* Plaintiff chose to pursue separate, consecutive actions to foreclose on the mortgage and to collect on the delinquent promissory note, as was its right. *Turczak*, 2013 IL App (1st) 121964, ¶ 33; *Farmer City State Bank*, 138 Ill. App. 3d at 852. Plaintiff's predecessor in interest filed a single-count complaint for a foreclosure action. After the conclusion of that case wherein the circuit court entered judgment approving the sale of the subject property and found that a deficiency remained despite the proceeds from the sale, plaintiff proceeded to enforce the terms of the promissory note *vis-a-vis* a separate complaint and recover under the note an amount not satisfied by the foreclosure case. Based on the law as provided, there was not an identity to the causes of action between the quasi *in rem* foreclosure action and the *in personam* action seeking to adjudicate plaintiff's rights under the promissory note. Therefore, the elements of *res judicata* were not established.

¶15 We recognize that plaintiff's predecessor in interest did request a personal judgment for any deficiency in its prayer for relief in the foreclosure complaint; however, in the order approving and confirming the sale of the subject property, the circuit court entered only an *in rem* deficiency in the sum of $227,416.32. The *in rem* action

adjudicated only the rights and interests in the property that was the subject of the mortgage. See *LP XXVI, LLC*, 349 Ill. App. 3d at 241. No personal deficiency judgment was entered. There was no decision on the merits of the promissory note. We are not convinced that the circuit court's foreclosure judgment stated anything to the contrary. Rather, in the November 22, 2010, judgment for foreclosure and sale of the subject property, the circuit court provided that "[i]n case there is any deficiency in the amount" due to plaintiff, it was entitled to a deficiency judgment against the defendant. As stated, after learning the terms of the judicial sale, the circuit court did find that a deficiency remained in the amount of $227,416.32. Although the foreclosure judgment stated that plaintiff would be entitled to a deficiency judgment under the circumstances, in the final judgment in which the circuit court approved the judicial sale there was no finding of personal liability. Therefore, plaintiff maintained its rights to seek an *in personam* judgment under the default provision of the promissory note. There was no risk of plaintiff obtaining double recovery.

¶16 Section 15-1508(b)(2) of the Illinois Mortgage Foreclosure Law provides that an order confirming a sale *may* "provide for a personal judgment against any party for a deficiency." 735 ILCS 5/15-1508(b)(2) (West 2010). More specifically, pursuant to section 15-1508(e) of the Foreclosure Law (735 ILCS 5/15-1508(e) (West 2010)):

> "In any order confirming a sale pursuant to the judgment of foreclosure,
> the court shall also enter a personal judgment for deficiency against any
> party (i) if otherwise authorized and (ii) to the extent requested in the
> complaint and proven upon presentation of the report of sale in accordance
> with Section 15-1508."

8

There is no evidence that a personal judgment was pursued in the foreclosure case beyond the mere cursory mention in the prayer for relief. Rather, as stated, the initial complaint contained a single count for a foreclosure action and did not plead a cause of action pursuant to the promissory note.

¶17    We disagree with defendant's insistence that the foreclosure judgment adjudged plaintiff's rights under the promissory note as evidence by the following language:

>       "The Court expressly retains jurisdiction of the property which is
>
>       the subject of this foreclosure for so long as may be necessary for the
>
>       purpose of placing in possession of the premises the holder of the
>
>       Certificate of Sale or the grantees in the Intercounty Judicial Deed, or his
>
>       or their legal representatives or assigns, and reserves the right to appoint a
>
>       receiver to take possession of said premises in order to prevent impairment
>
>       of the value of the premises, manage and conserve the premises, or satisfy
>
>       any deficiency which may be found due to plaintiff."

Defendant argues that the circuit court retained jurisdiction to satisfy any deficiency to which plaintiff was due. A careful reading of the quoted language included in the circuit court's November 22, 2010, foreclosure judgment, however, reveals that the circuit court reserved the right to appoint a receiver to take possession of the subject property to satisfy plaintiff's deficiency. There are no issues regarding a receiver presented in this case. Simply put, the foreclosure judgment does not support defendant's argument.

¶18    We recognize the factual differences between this case and the facts at issue in *Goldstein* and *Turczak*; however, we further note that the well-established legal principles cited above remain applicable to the fact specific inquiry presented here.

¶19                                       CONCLUSION

¶20     Because we have found that *res judicata* did not bar plaintiff's complaint for relief under the promissory note, we reverse the circuit court's December 19, 2013, order dismissing the complaint with prejudice and remand this cause for further proceedings.

¶21     Reversed and remanded.

¶22     JUSTICE ROCHFORD, dissenting:

¶23     I respectfully dissent.  I believe the circuit court properly dismissed this suit as barred by *res judicata* as it raises a claim for a personal deficiency judgment against defendant which was raised in the prior foreclosure action against defendant.

¶24     Defendant, on November 19, 2007, executed a note and mortgage in return for a loan of $304,006 made by plaintiff's predecessor in interest (plaintiff).   Defendant defaulted on her payments.

¶25     As a result of defendant's default, plaintiff brought a complaint against defendant seeking to foreclose the mortgage on defendant's property pursuant to section 15-1504 of the Foreclosure Law.  735 ILCS 5/15-1504 (West 2010).  The unpaid principle balance at the time of the filing of the foreclosure complaint was $291,813.89.  According to the foreclosure complaint, plaintiff brought the suit as holder of both the mortgage and the note.   The mortgage and the note were attached to the complaint.   Plaintiff, also, specifically alleged defendant was the person who was personally liable for any deficiency.  The foreclosure complaint prayed for a judgment of foreclosure, the sale of the property, and a personal judgment against defendant for any deficiency balance found due after the sale.

¶26    Section 15-1508(e) of the Foreclosure Law authorizes a court hearing a foreclosure case to grant a personal deficiency judgment "only in cases where personal service has been had upon the persons personally liable for the mortgage indebtedness, unless they have entered their appearance in the foreclosure action."  735 ILCS 5/15-1508(e) (West 2010).  That section provides that a court entering an order confirming a sale pursuant to the judgment of foreclosure "shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentation of the report of sale in accordance with Section 15-1508."  *Id.*  The personal deficiency judgment may be entered for any money that may be due to the plaintiff, over and above the proceeds of the foreclosure.  *Id.*  The personal deficiency judgment may be enforced and collected as if the judgment in the foreclosure action was solely for purposes of money.  *Id.*

¶27    The circuit court in the foreclosure action specifically found that defendant was personally served with the foreclosure complaint and, thus, the provisions of section 15-1508(e) of the Foreclosure Law were fully applicable and authorized the circuit court to enter a personal deficiency judgment.

¶28    Defendant failed to answer the foreclosure complaint and was found in default. The circuit court entered a default judgment against defendant in the amount of $322,668.35, and ordered the sale of the property.  In the judgment order, the court found the mortgage and note were "valid obligations of defendant."  The order allowed for the entry of a deficiency judgment after the sale as follows:

> "In case there is a deficiency in the amount owed the plaintiffs, *** the plaintiff
>
> shall be entitled to a deficiency judgment against the defendant, Michelle L.

Coleman, jointly and severally, for such amount and for an execution thereon as provided by law."

Finally, the order declared:

"All matters in controversy by the parties hereto as reflected by the [pleadings] on file are adjudged and determined by this Judgment ***."

¶29    At the judicial sale, plaintiff purchased the property for $100,000. Thereafter, the circuit court entered an order approving the report of the sale and the distribution of proceeds which included an "INREM deficiency judgment" in the amount of $227,416.32 against defendant.

¶30    Subsequently, after completion of the foreclosure proceeding, plaintiff filed this action. In the instant complaint, plaintiff set forth that on November 19, 2007, defendant had executed a mortgage and a note and had defaulted on the note and, as a result, a foreclosure suit was filed. Plaintiff alleged that the order confirming the sale in the prior foreclosure action "adjudicated the deficiency balance" owed by defendant and that this amount of $227, 416.32 was now "due and owing" by defendant.

¶31    There is no dispute that two of the elements of *res judicata* are present here. In the foreclosure action, there was a final judgment on the merits rendered by a court of competent jurisdiction and there is an identity of parties in both suits. The issue here is whether the third element, an identity of causes of action, is present. Under the applicable transactional test, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998).

¶32    In the foreclosure action, plaintiff sought to foreclose on defendant's property, but also explicitly sought a personal deficiency judgment against defendant. Plaintiff sought the personal deficiency judgment based on defendant's obligations under both the note and the mortgage. Section 15-1508(e) of the Foreclosure Law allowed such a personal money judgment to be entered against defendant in the foreclosure action and allowed plaintiff to enforce and collect it to the same extent and manner applicable to any money judgment. 735 ILCS 5/15-1508(e) (West 2010). Furthermore, the default judgment order entered against defendant stated that plaintiff would be entitled to a deficiency judgment after the sale of the property and be allowed to execute upon such judgment. The order confirming the sale did not provide for an *in personam* deficiency judgment but for an *in rem* one. However, the fact that plaintiff did not achieve an *in personam* deficiency judgment as it requested in its foreclosure complaint does not preclude the application of *res judicata* principles to the suit here. See *In re Liquidation of Legion Indemnity Corp.*, 373 Ill. App. 3d 969, 974 (2007) (*Res judicata* bars not only what was actually decided in the first action but, also, whatever could have been decided.).

¶33    In this action, plaintiff seeks to recover the amount of the deficiency as adjudicated in the foreclosure action from defendant. Although plaintiff contends the current action is brought strictly on the note, the complaint at hand seeks to recover from defendant the deficiency which resulted from the foreclosure of the mortgage in the amount determined by the foreclosure court in the order confirming the sale.

¶34    The pivotal question for *res judicata* purposes is whether the claim raised in this lawsuit could have been resolved in the prior lawsuit; and the answer is yes. In the foreclosure action, plaintiff sought to recover any amount not covered by the foreclosure

sale against defendant as provided by section 15-1508(e) based on plaintiff's default on the mortgage and the note. Recovery sought in this case is based on the same default by defendant on the note and seeks the recovery of the amount of the deficiency as determined by the order confirming the sale in the foreclosure action. As alleged in the complaint at issue, plaintiff's claim here, and its claim for a personal deficiency judgment in the foreclosure suit arise from a single group of operative facts—the deficiency which resulted from after the foreclosure sale based on plaintiff's default—albeit on different causes of action against defendant.

¶35　A conclusion that *res judicata* applies to bar plaintiff's suit on the note is not contrary to  the holding in *Farmer City State Bank v. Champaign National Bank*, 138 Ill. App. 3d 847 (1985). In that case Farmer City State Bank made a loan of $60,000 to John and Evelyn Henry in return for a promissory note. Champaign National Bank executed a mortgage to secure the loan made by Farmer City State Bank and a second mortgage secured by another promissory note for a loan of $345,000. When a default occurred, Farmer City State Bank obtained a default by confession against the Henrys on the $60,000 note. Farmer City State Bank then filed an action seeking to foreclose on both mortgages which resulted in deficiency judgments against the Henrys.

¶36　The relevant issue on appeal was the Henrys' contention that the foreclosure court impermissibly increased the amount of the judgment entered in the initial suit on the promissory note because the deficiency decree allocated the attorneys fees and costs associated with collecting the debts to the $60,000 note. The court in *Farmer City State Bank* found the foreclosure court did not impermissibly increase the prior judgment and said:

"Upon default, a mortgagee may sue upon the note itself or bring an action to foreclose the mortgage. [Citation] These remedies may be pursued consecutively or concurrently. [Citation] Where the mortgagee takes a judgment upon the note, the mortgage stands as security for the judgment. [Citation] If the mortgagee then forecloses the mortgage and obtains a deficiency judgment against the mortgagor, the judgment on the note is merged into the second judgment." *Id*. at 852.

¶37 Thus, *Farmer City State Bank* provides that a mortgagee may pursue foreclosure and sue on the note consecutively or concurrently. I find that *Farmer City State Bank* does not control the outcome here. First and foremost, the *Farmer City State Bank* court did not conduct a *res judicata* analysis. Furthermore, plaintiff here did not initially file suit on the note as the mortgagee did in *Farmer City State Bank*. Under the facts here, plaintiff's claim for a personal deficiency judgment was raised *concurrently* with its request for foreclosure on the property in the foreclosure action and a final judgment was entered against defendant. Plaintiff, having pursued its remedy for a personal deficiency judgment in the mortgage foreclosure case, is precluded from now seeking a personal deficiency judgment solely on the note in this consecutive action.

¶38 Although the court in *Farmer City State Bank* did not address *res judicata* principles, courts have relied on the decision in *Farmer City State Bank* in finding that *res judicata* did not apply when there was a foreclosure action and a purely *in personam* action at issue. The parties and the majority cite *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237 (2004), and *Turczak v. First American Bank*, 2013 IL App (1st) 121964, as examples of such cases.

15

¶39    In *Goldstein*, the defendant and others had executed a note and a mortgage, but defendant had also executed a personal commercial guaranty.  Upon default, a mortgage foreclosure suit was filed which the *Goldstein* court described as strictly an "*in rem*" proceeding.  *Goldstein*, 349 Ill. App. 3d at 241.  After obtaining relief in the foreclosure action, including an *in rem* deficiency judgment, the plaintiff, who had been  assigned all interests in the note, brought suit against the defendant on the personal guaranty.  The guaranty provided that the defendant had waived any defenses to suit on the guaranty which may be brought before or after completion of any foreclosure action.  *Id*. at 238-39.  The court found that the *in rem* deficiency judgment in the foreclosure action did not bar the subsequent suit on the personal guaranty, stating:

"The [foreclosure] action did not encompass the guaranty. Further, defendant's rights under the guaranty were not placed in issue or adjudicated. This action, by contrast, is an *in personam* action against defendant to adjudicate his liability under the 'Commercial Guaranty'; nothing in this action touches upon the subject matter of the [foreclosure] action, namely, the property that was the subject of the mortgage foreclosure. As such, this action is separate and distinct from the [foreclosure] action, and the principle of *res judicata* is inapplicable to the facts of this case." *Id*. at 241.

The *Goldstein* court found that its conclusion was supported by *Farmer City State Bank*, which established the precedent that the mortgagee may proceed on the note or guaranty or foreclose on the mortgage consecutively or concurrently.  *Id*. at 241-42.

¶40    The facts here are different.  The instant suit is not based on a personal guaranty, but on the note that secured the mortgage.  The note does not include a waiver of any

defenses to a suit on the note. There is no indication in *Goldstein* that the plaintiff had sought a personal deficiency judgment in the foreclosure action, nor that the foreclosure court had personal jurisdiction over the guarantor. In fact, the appellate court described the mortgage foreclosure suit as strictly "*in rem*" or on the property and as not encompassing the guaranty. Thus, the *Goldstein* court did not discuss or consider the significance of section 15-1508(e) of the Foreclosure Law.

¶41 Unlike *Goldstein*, defendant's obligations under the note were contained in the foreclosure complaint and considered in the default judgment. Plaintiff specifically sought a personal deficiency judgment and was entitled to obtain such a judgment under section 15-1508(e) and the terms of the default judgment. *Goldstein* does not support a conclusion that *res judicata* is inapplicable in this case.

¶42 In *Turczak*, Wells Fargo Bank and First American Bank financed the plaintiffs' purchase of their home. Each loan was secured by a note and a mortgage, with Wells Fargo having the first mortgage. The plaintiffs defaulted on both loans. In June 2010, Wells Fargo filed a foreclosure action against the plaintiffs and First American Bank. Judgment for a foreclosure and sale was entered in the amount of $408,597.92.

¶43 In June 2010, during the pendency of Wells Fargo's foreclosure suit, First American obtained a default judgment against the plaintiffs on its note for $80,986.93, and recorded a memorandum of judgment on December 28, 2010.

¶44 Before the foreclosure action was finally resolved, the plaintiffs attempted to sell the property as a short sale, but First American Bank, through the law firm representing it, would not agree to the release of its mortgage until it received $6,000. The law firm informed plaintiffs that First American Bank continued to have an enforceable mortgage.

The plaintiffs later filed a separate suit against the law firm for damages alleging it had engaged in false and misleading conduct. The law firm moved to dismiss the suit arguing that it properly asserted that First American Bank had an enforceable mortgage after the judgment on the note because "Illinois law allows a creditor to consecutively as well as concurrently pursue remedies on a mortgage and the note securing the mortgage." *Turczak*, 2014 IL App (1st) 121964, ¶ 11. The circuit court dismissed the suit.

¶45 On appeal, this court, citing *Goldstein* and *Farmer City State Bank*, upheld the dismissal. We found that the settled law allows a mortgagee to enforce the note in consecutive suits and stated that "[f]oreclosure suits on property, *quasi in rem* proceedings, apply a legally distinct remedy from an *in personam* proceeding on a promissory note." *Id*. ¶ 33.

¶46 *Turczak* is factually distinguishable. In this case, as previously discussed, plaintiff did not file its initial lawsuit on the note. Plaintiff, instead, filed a foreclosure action after defendant defaulted on the mortgage and the note and that foreclosure action concurrently sought a personal deficiency judgment against defendant.

¶47 I note that, in *Turczak*, this court found the facts in *Skolnik v. Petella*, 376 Ill. 500 (1941), were "markedly" different. *Turczak*, 2013 IL App (1st) 121964, ¶¶ 25-28. *Skolnik*, however, has significant, relevant, factual similarities to the case at hand. In *Skolnik*, a foreclosure action was brought against the original debtors and their assignees. The foreclosure court had personal jurisdiction over all parties but the foreclosure complaint sought a personal deficiency decree against only the original debtors. The foreclosure judgment included a personal deficiency decree against the original debtors but not the assignees. Thereafter, an action was brought against the assignees for the

amount of the remaining deficiency. On review, our supreme court found the second action was barred by *res judicata*, where the foreclosure court had personal jurisdiction over the assignees and had express statutory authority to enter a personal deficiency judgment against them in the foreclosure action. Ill. Rev. Stat. 1939, ch. 95, ¶ 17 (preceded section 15-1508). The supreme court found *res judicata* applied even where the pleadings had not raised a claim for a personal deficiency decree against the assignees because the claim could have been brought in that action. *Skolnik*, 375 Ill. at 507 ("Piecemeal litigation is not to be permitted and neither the parties nor the courts may be twice vexed with the same cause of action."). As this court stated in *Turczak*, "the holding in *Skolnik* is consistent with *res judicata* principles because the second action on the deficiency was nothing more than a do-over of the first action on the deficiency." *Turczak*, 2014 IL App (1st) 121964, ¶ 28. I believe that *Skolnik* is controlling and bars this as a "do-over of the first action on the deficiency." *Id*.

¶48    In summary, the foreclosure court had personal jurisdiction over defendant and the statutory authorization to enter a personal deficiency judgment against defendant. Moreover, plaintiff explicitly sought a personal deficiency judgment in its foreclosure complaint pursuant to section 5/15-1508(e). I would conclude that this suit for a personal judgment against defendant for the amount of the deficiency as determined in the foreclosure suit as a result of the sale of the property is barred in accordance with the relevant transactional test of *River Park* and the holding in *Skolnik*. For these reasons, I would affirm the dismissal.