2023 IL App (1st) 210976-U

SIXTH DIVISION
February 17, 2023

No. 1-21-0976

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY OF NORTH CAROLINA, as Assignee & Subrogee of First Franklin, a Division of National City Bank of Indiana, | ) ) ) ) | |
| | ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19 M3 5952 |
| | ) | |
| CHERYL A. KENDZERSKI and DANNY B. FLOWERS, | ) ) ) | The Honorable Martin S. Agran, Judge, presiding. |
| Defendants | ) | |
| | ) | |
| (Cheryl A. Kendzerski, Defendant-Appellee). | ) | |

JUSTICE TAILOR delivered the judgment of the court.
Justices C.A. Walker and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The judgment of the circuit court is affirmed. Plaintiff did not develop or advance any argument demonstrating that the circuit court erred by dismissing plaintiff's complaint.

¶ 2   Plaintiff, United Guaranty Residential Insurance Comapny of North Carolina, as assignee

and subrogee of First Franklin, a Division of National City Bank of Indiana (United Guaranty),

appeals from the circuit court's dismissal of its complaint seeking to recover on a promissory note executed by defendants, Cheryl A. Kendzerski and Danny B. Flowers. Flowers was dismissed as a defendant in the circuit court and is not a party to this appeal. For the following reasons, we affirm the circuit court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4     On January 5, 2006, Kendzerski and Flowers executed two promissory notes in favor of First Franklin, a Division of National City Bank of Indiana (First Franklin), which were secured by two separate mortgages on a property located at 417 East Streamwood Boulevard, Streamwood, Illinois. Both mortgages identified Mortgage Electronic Registration Systems, Inc. (MERS) as First Franklin's nominee. The first-position mortgage secured the repayment of a $190,000 promissory note, while the junior mortgage—which on its face acknowledged it was a secondary lien—secured repayment of a $47,500 promissory note.

¶ 5     In June 2009, Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF5, Mortgage Pass-Through Certificates, Series 2006-FF5 (Deutsche Bank), filed a foreclosure action on the first-position mortgage (2009 foreclosure action). Deutsche Bank's complaint named Kendzerski and Flowers as defendants, along with MERS, as nominee for First Franklin, and unknown owners and nonrecord claimants. In its complaint, Deutsche Bank identified the junior mortgage as a lien on the property. Deutsche Bank served MERS, as nominee for First Franklin, with a copy of the summons and complaint. While the 2009 foreclosure action was pending, First Franklin assigned its rights to the junior mortgage and note secured thereby to United Guaranty. MERS, as nominee for First Franklin, did not file an appearance or an answer to Deutsche Bank's complaint. On December 29, 2009, the circuit court entered a default order

against MERS and entered a judgment of foreclosure and sale against Kendzerski, Flowers, and MERS. The judgment of foreclosure and sale provides, in relevant part,

> "The mortgage constitutes a valid lien upon real estate and which is prior, paramount, and superior to the rights and interests of all other parties. Upon entry herein, the rights of the Plaintiff shall be secured by a lien upon the mortgaged real estate, which lien shall have the same priority as the mortgage upon which the judgment relates. The lien rights of the Plaintiff and the right, title, interest, claim, or lien of any and all parties in this foreclosure shall be terminated upon the confirmation of a judicial sale. The rights and interests of all other parties are subject, subordinate and inferior to the rights of the Plaintiff here, and are described as follows."

The judgment then identified Kendzerski and Flowers as mortgagors and owners of the real estate, and MERS, as nominee for First Franklin, "by reason of" the junior mortgage. The property was sold at a judicial auction, at which Deutsche Bank was the highest bidder. On June 15, 2010, the circuit court approved the report of sale and distribution, confirmed the judicial sale, entered an *in rem* deficiency judgment of $116,296.38, and entered an order of possession in favor of Deutsche Bank. The circuit court ordered the issuance of a deed to the property, which Deutsche Bank subsequently recorded.

¶ 6     On August 13, 2019, United Guaranty filed the complaint at issue in this appeal. The single count complaint asserted a claim against Kendzerski and Flowers for breach of the promissory note that had previously been secured by the junior mortgage. United Guaranty alleged that Kendzerski and Flowers were in default as of August 9, 2009, for failing to make payments on the note, although elsewhere in the complaint, United Guaranty alleged that Kendzerski and Flowers

were in default for failing to make a payment on September 1, 2009, "with their last payment having been received on Aug[ust] 14, 2009." United Guaranty sought a total of $97,082.54 in unpaid principal and accrued interest.

¶ 7    Relevant to this appeal, Kendzerski[1] moved to dismiss the complaint under section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2020). She argued that United Guaranty's claim was barred by section 15-1509(c) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1509(c) (West 2020)) because MERS, as First Franklin's nominee, was a party to—and had been served with Deutsche Bank's complaint in—the 2009 foreclosure action and had been defaulted. The confirmation of sale and issuance of the judicial deed extinguished the junior mortgage. First Franklin had not preserved any claims it might have had against Kendzerski under the junior mortgage or note in the judgment of foreclosure and sale, such as a personal deficiency, a claim on the note, or a claim to any surplus that a judicial sale might yield.

¶ 8    In response, United Guaranty argued that *res judicata* did not bar its claim on the promissory note. It argued there was no identity of cause of action between the 2009 foreclosure action and United Guaranty's claim because mortgage foreclosure actions are *quasi in rem* proceedings and breach of promissory note claims are *in personam* proceedings. It argued it had no obligation to file a crossclaim or third-party claim against Kendzerski in the 2009 foreclosure action. In her reply, Kendzerski argued that United Guaranty's response "misrepresents the legal and factual basis" or her motion, which did not argue *res judicata*, but instead argued that United Guaranty's claim on the promissory note was barred by section 15-1509(c) of the Foreclosure Law.

---

[1]Flowers was not served with a summons or complaint and did not participate in any of the proceedings on United Guaranty's complaint. United Guaranty eventually voluntarily dismissed its claim against Flowers.

¶ 9    On July 30, 2021, the circuit court held a hearing. Both parties elected to stand on the arguments raised in their briefs, and they did not present any oral argument. The circuit court found that United Guaranty's claim was barred by section 15-1509(c) of the Foreclosure Law and dismissed United Guaranty's claim with prejudice. The circuit court's finding was memorialized in a written order, also dated July 30, 2021, which stated that (1) "For the reasons stated on the record, *** Kendzerski's Motion to Dismiss Pursuant to 735 ILCS 5/2-619(a)(9) is granted;" (2) United Guaranty's complaint was dismissed with prejudice, and (3) United Guaranty's motion to voluntarily dismiss Flowers as a party defendant was granted.

¶ 10                                    II. JURISDICTION

¶ 11    On July 30, 2021, the circuit court dismissed United Guaranty's complaint with prejudice. The circuit court's order included a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason for delaying appeal. That finding was ultimately unnecessary because there were no remaining unadjudicated claims between the parties, and the circuit court's dismissal was an appealable final judgment under Supreme Court Rule 301 (eff. Feb. 1, 1994). United Guaranty filed a timely notice of appeal on August 12, 2021. We have jurisdiction over United Guaranty's appeal pursuant to Supreme Court Rule 301 and Rule 303(a) (eff. July 1, 2017) governing appeals from final judgments in civil cases.

¶ 12                                    III. ANALYSIS

¶ 13    A section 2-619(a)(9) motion "admits the legal sufficiency of the complaint but raises an affirmative defense or other matter that avoids the legal effect of or defeats the claim." *PNC Bank, N.A. v. Kusmierz*, 2022 IL 126606, ¶ 10. We review *de novo* a circuit court's dismissal under section 2-619 of the Code. *Id.*

¶ 14    Kendzerski's motion to dismiss asserted that United Guaranty's complaint was subject to dismissal under section 2-619(a)(9) because it was barred by an affirmative matter, specifically section 15-1509(c) of the Foreclosure Law, which provides:

"Any vesting of title by a consent foreclosure pursuant to Section 15-1402 or by deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure in accordance with paragraph (2) of subsection (c) of Section 15-1502, notwithstanding the provisions of subsection (g) of Section 2-1301 to the contrary. Any person seeking relief from any judgment or order entered in the foreclosure in accordance with subsection (g) of Section 2-1301 of the Code of Civil Procedure may claim only an interest in the proceeds of sale." 735 ILCS 5/15-1509(c) (West 2020).

¶ 15    Here, the circuit court agreed with Kendzerski and dismissed United Guaranty's complaint under section 2-619(a)(9) as barred by section 15-1509(c) of the Foreclosure Law. On appeal, United Guaranty argues that it was error for the circuit court to dismiss its claim on *res judicata* principles.

¶ 16    The disconnect between the basis of the circuit court's judgment and United Guaranty's appellate argument leads us to address Kendzerski's argument on appeal that United Guaranty has waived or forfeited any argument that the circuit court erred by dismissing United Guaranty's claim under section 15-1509(c). United Guaranty's appellate brief—like its response to Kendzerski's motion to dismiss in the circuit court—focuses entirely on the doctrine of *res judicata* without discussing the applicability of section 15-1509(c) of the Foreclosure Law. For

example, United Guaranty relies on *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 32, for the proposition that *res judicata* does not bar a lender's suit on a guaranty contract after a foreclosure judgment because the foreclosure judgment does not adjudicate the lender's rights and liabilities under the guaranty. United Guaranty also relies on *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237, 240-41 (2004)—which the *Turczak* court relied on in part—for the proposition that *res judicata* did not bar an action on a guaranty because, under the transactional test, a promissory note, mortgage, and guaranty, while related, are not necessarily a single transaction. But both *Turczak* and *Goldstein* dealt with the application of *res judicata* principles and did not involve any assessment of section 15-1509(c).

¶ 17    In its reply brief, United Guaranty asserts—without citation to any authority or any further elaboration—that the doctrine of *res judicata* and section 15-1509(c) of the Foreclosure Law are "related and interdependent." It further contends that Kendzerski's argument in the circuit court was that First Franklin's failure to appear in the 2009 foreclosure action was a bar to this action, which "is a *[r]es [j]udicata* argument, and it was clear that was and is the theory [Kendzerski] based [her] 2-619 motion to dismiss upon in at [*sic*] the trial court level." Kendzerski responds, as she did in her reply brief in support of her motion to dismiss in the circuit court, that she is not advancing a *res judicata* argument, but instead is advancing the distinct argument that section 15-1509(c) operates as a statutory bar to subsequent actions by the parties to a foreclosure after the issuance of a judicial deed.

¶ 18    In essence, United Guaranty attempts to recharacterize Kendzerski's argument in the circuit court—and the basis of the circuit court's judgment—as being based on *res judicata* principles. This court, however, has treated *res judicata* and section 15-1509(c) arguments as advancing separate bases for dismissal. See, *e.g.*, *Taylor v. Bayview Loan Servicing, LLC*, 2019 IL

App (1st) 172652, ¶ 17 ("Accordingly, we conclude the circuit court correctly dismissed the Taylors' amended complaint for wrongful foreclosure because it was barred by section 15-1509(c) of the Foreclosure Law. Because we conclude that the Taylors' complaint was properly dismissed as barred by section 15-1509(c) of the Foreclosure Law, we need not address Bayview's argument that the Taylors' complaint was barred by *res judicata*."); see also *Adler v. Bayview Loan Servicing*, 2020 IL App (2d) 191019, ¶ 15 ("Because we conclude that plaintiffs' [Real Estate Settlement Procedures Act of 1974 (RESPA) and Consumer Fraud and Deceptive Business Practices Act (Fraud Act)] claims were barred by section 15-1509(c) and affirm, we do not address the [circuit court's] *res judicata* ruling."). United Guaranty neither acknowledges this analytical approach nor offers any argument as to whether that approach is incorrect; it simply asserts—for the first time in its reply brief—that the doctrine of *res judicata* and section 15-1509(c) are essentially the same thing. It does not, however, develop or advance any cohesive argument on the issue of whether the doctrine of *res judicata* and section 15-1509(c) are coextensive on the question of whether a subsequent claim on a promissory note can proceed when the promissory note was previously secured by a junior mortgage lien that was extinguished in a previous foreclosure action. We therefore agree with Kendzerski that United Guaranty has forfeited any argument on appeal that its complaint is not barred by section 15-1509(c) of the Foreclosure Law by failing to develop or advance any argument on that point in its appellate brief. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 19    There are, perhaps, arguments to be made that section 15-1509(c) of the Foreclosure Law and *res judicata* embody similar policies and should be examined similarly. United Guaranty does not develop or advance any arguments as to whether section 15-1509(c) and the doctrine of

*res judicata* are analytically similar. There may even be arguments that section 15-1509(c) does not bar claims by a lender on a promissory note that was previously secured by a mortgage that was extinguished by a foreclosure action. For instance, in *Adler*, this court examined various provisions of the Foreclosure Law and concluded that our legislature "intended section 15-1509(c) to preclude all claims of parties to the foreclosure *related to the mortgage or the subject property*, except for claims regarding the interest in the proceeds of a judicial sale." (Emphasis added.) *Adler*, 2020 IL App (2d) 191019, ¶ 25. But is a claim on promissory note by a lender that was defaulted in the foreclosure action that had its mortgage lien extinguished without ever proving up its damages a "claim[ ] *** related to the mortgage or the subject property?" On the other hand, there may be arguments that the legislature codified a more stringent version of *res judicata* principles in section 15-1509 of the Foreclosure Law to encourage parties to a foreclosure action to litigate their claims in a single action to promote efficiency and finality for borrowers and lenders. United Guaranty does not address any of these issues. Nor will we develop, advance, and consider those arguments ourselves for United Guaranty's benefit because "[t]his court is not a repository for an appellant to foist the burden of argument and research." *Graham v. Lakeview Pantry*, 2019 IL App (1st) 182003, ¶ 26 (citing *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010)).

¶ 20    At bottom, United Guaranty argues that its complaint should not have been dismissed as barred by *res judicata* when no one said that it should be and urges us to reverse the circuit court's dismissal while not addressing whether the complaint was properly dismissed as barred by section 15-1509(c) of the Foreclosure Law. United Guaranty chose to argue past the legal basis for Kendzerski's motion, both in the circuit court and in this court. As the appellant, United Guaranty bears the burden of demonstrating that the circuit court committed some reversible error in reaching the judgment that it reached. See *First Capitol Mortgage Corp. v. Talandis Construction*

*Corp.*, 63 Ill. 2d 128, 131-32 (1976). United Guaranty cannot demonstrate that the circuit court erred because United Guaranty fails to address the applicability of section 15-1509(c) in any meaningful way. Where we are not presented with an argument demonstrating error, we will not reverse the circuit court's judgment. We stress that we reach this result solely because United Guaranty forfeited any argument tending to show that section 15-1509(c) of the Foreclosure Law and the doctrine of *res judicata* operate identically, or that section 15-1509(c) does not operate as a bar to United Guaranty's claim against Kendzerski on the promissory note.

¶ 21                                    IV. CONCLUSION

¶ 22     For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 23     Affirmed.